### A. H. WELLER ET AL. v. OTTO WELLER ET AL.

Decided December 21, 1899.

**1. Will—Trust Not Created—Precatory Words.**

Where a will devised the residue of the testator's estate to "my wife, E. C. W., and her heirs forever; to have and to hold in her own use and benefit until my heirs become of age, and for her to divide equally the amount due to each that she, in her judgment, shall be entitled to," it vested a fee simple estate in the wife, and the clause relating to the holding and division of the estate, being mere precatory words, did not create a trust.

**2. Same—"My Heirs" Limited to Certain Ones Only.**

Where a testator having children by two marriages in his will declared payments and bequests to each of the first set of children, and further that, "having provided for the whole of my first children, I now declare this for the purpose of settling at my death the whole of my property," proceeding then to devise the residue of his property to his second wife and her heirs forever "to have to her own use until my heirs become of age," the term "my heirs," as thus used, is held to refer solely to the children by the last wife.

APPEAL from Lavaca. Tried below before Hon. M. KENNON.

*Patton & Ellis,* for appellants.

*Robson & Duncan,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellants brought this suit against appellees to partition certain lands described in their petition. Plaintiffs alleged that they and defendants were the owners in common of said lands, plaintiffs owning 9-11 and the defendants the remaining 2-11 of same. The defendants answered by general demurrer and general denial, and specially that the property described in the petition was the separate property of August Weller, deceased, the father of plaintiffs and defendants, and that said Weller by the terms of his last will and testament, duly executed and probated, had vested in Emma Catherine Weller, the mother of defendants, a fee simple estate in all of said lands, and their said mother having since died, said estate had descended to and vested in defendants, who were her sole heirs at law; and further pleaded that if said will did not vest a fee simple estate in their mother, a limited estate was vested in her to be absolutely vested in defendants upon their attaining their majority.

It appears from the record that August Weller was twice married, and at his death, which occurred on December 9, 1888, left two sets of children. Appellants, nine in number, are the children of the first marriage; and appellees, Otto Weller and August Weller, are the children of the second marriage. The first wife, Mrs. Anna Weller, died July 4, 1881, intestate, and appellants are her sole heirs at law. August Weller qualified as survivor of the community estate of himself and first wife and administered said estate as such. He married his second wife, Emma Catherine Weller, in December, 1882, and by her had two children, Otto and August Weller, appellees herein, who were born respectively on May

22, 1884, and December 1, 1887. Mrs. Emma Catherine Weller died intestate on the 15th day of July, 1890, and during her lifetime made no disposition of the estate of her deceased husband. August Weller settled with the six older children of his first wife in his lifetime, and paid them in full for their interest in their mother's estate. The three younger children of the first wife were settled with by the administrator of the estate of Emma C. Weller, deceased, and paid in full their interest in their mother's estate. In making this settlement the administrator used about $200 of Mrs. Weller's estate. Appellees have received as rents and profits from said estate since the death of their mother the sum of $800. At August Weller's death he left the land involved in this suit, and the same was his separate property, being his half of the community estate of himself and his first wife remaining after settlement with her heirs.

At his death August Weller left a last will and testament which was duly executed and probated in the County Court of Lavaca County, Texas, on the 12th day of January, 1889. The said will reads as follows:

"*State of Texas, County of Lavaca.*—To whom all these presents shall come—Greeting:

"Know ye, that I, August Weller, now 58 years old, sound in mind and bodily health as much so that I have been through my natural life, do declare and publish this as my last will and testament, revoking and declaring all others written or spoken of, null and void, and this only to stand.

"1. I have given unto my eldest son, J. H. Weller, the sum of $1254.84; at my death I bequeath to him out of my estate the sum of one dollar. I have given to my daughter, Charlotte Weller, now Charlotte Strunk, the sum of $1254.84; at my death I bequeath to her out of my estate the sum of one dollar. I have given unto my son, A. H. Weller, the sum of $1254.84; at my death I bequeath to him out of my estate the sum of one dollar. I have given unto my daughter Emilie Weller, now Emilie Hoffman, the sum of $1254.84; at my death I bequeath to her out of my estate the sum of one dollar. I have given unto my son, C. H. Weller, the sum of $1254.84; at my death I bequeath unto him out of my estate the sum of one dollar. I have given unto my son, Herman Weller, the sum of $1254.84; at my death I bequeath unto him out of my estate the sum of one dollar. I expect to give my daughter Ida Weller, whenever she becomes of age, or if she should marry, the sum of $1254.84; at my death I bequeath unto her out of my estate the sum of one dollar. I expect to give unto my son, William Weller, the sum of $1254.84; at my death I bequeath unto him out of my estate the sum of one dollar. I expect to give to my son Edward the sum of $1254.84; at my death I bequeath unto him out of my estate the sum of one dollar. This being the pro rata due each of my children inherited through their mother's estate.

"Knowing the uncertainty of life and the sure certainty of death,

having provided for the whole of my first children, I now declare and publish this for the purpose of settling at my death the whole of my real and personal property.

"I now bequeath the whole of my property, both real, personal, and mixed, of every kind and description, to my beloved wife, Emma Catherine Weller, and her heirs forever, to have and to hold in her own use and benefit until my heirs become of age, and for her to divide equally the amount due to each, that she in her judgment shall be entitled to, viz: Should I die first, before my beloved wife Emma Catherine, then in that case I desire this to be fully carried out as herein stated. Should it so occur that my wife dies before I do, then and in that case I personally will divide as above stated. I desire and particularly request that this shall absolutely be carried out, and in order that the same be fully done, I do hereby appoint my true friend James R. Muckelroy, trustee, in trust to see this will fully carried out. Without giving any bond to the court full and effectively as written. I desire further that at my death my beloved wife Emma Catherine Weller shall not be required by the probate court of Lavaca County, Texas, to give any bond whatever, more than filing an inventory in the court of all the property herein named and the court to approve the same. I desire this as absolutely and binding as the same can be done.

"In witness whereof, I have hereunto signed the same in the presence of the undersigned witnesses who signed the same at my request, this the 6th day of August, 1887.

(Signed)  "AUGUST WELLER.

"Attested:
  "Henry K. Judd,
  "C. M. Allen,
  "R. B. Allen."

The above statement of facts is taken from the conclusions of fact found by the trial court, which we adopt. Upon these facts the learned trial judge held: "That the will of August Weller at his death vested the whole of his estate in his second wife, Emma Catherine Weller, in fee simple, except the one dollar bequeathed to each of appellants, and that the provision in the will for partition of said estate among testator's heirs had reference only to the children by the second wife, Emma Catherine Weller, by whom, at the date of the will, he had one child born and another in expectancy, and such provision was in the nature of a request, and did not divest the fee simple estate previously vested in the wife;" and further held that, "If this conclusion is incorrect, the same result is reached by conceding that the will made a special trustee of the wife for the benefit of her children by the testator. In that event, upon the death of the mother, the title to the property immediately vested in the defendants, and could not be suspended until they attained their majority. It follows, then, that the plaintiffs have no interest in the property they seek to have partitioned, and they should take nothing by this suit."

Judgment was rendered in accordance with this conclusion of law, and from said judgment appellants prosecute this appeal.

The first assignment of error questions the correctness of the trial court's conclusion that the will of August Weller vested a fee simple estate in his wife, Emma Catherine Weller. The able counsel for both parties agree upon the principles of law which should guide the court in properly construing a will, and only disagree as to the application of those principles to the facts of this case. Bearing in mind that the supreme rule of construction of wills is the ascertainment of the intentions of the testator, and to this end we should consider the condition of his estate at the time of making his will, the circumstances under which it was made, and the primary object of the testator in executing the instrument, and for this purpose technical words and terms in conflict with the evident intention of the testator may be disregarded, and that construction adopted which seems to conform more closely with his main purpose in executing the will, we think that the trial court correctly held that the will in question vested a fee simple estate in Mrs. Emma Catherine Weller. Tendick v. Evetts, 38 Texas, 275; Peet v. Railway, 70 Texas, 522; Ruston v. Ruston, 2 Dall., 243.

After reciting in the will that he had given to the adult children of the first wife each the sum of $1254.84 in settlement of their interest in their mother's estate, and declaring his intention to give the same amount to the minor children of his first wife, and bequeathing to each of said children at his death the sum of one dollar, the testator uses this language: "Having provided for the whole of my first children, I now declare and publish this for the purpose of settling at my death the whole of my real and personal property." We think it clear from this declaration that it was the intention of the testator that the $1254.84 and the one dollar bequeathed by the will was all that appellants should have from his estate, and the settling of appellants' interest in his estate at his death was his primary object in executing the will. Having disposed of the children by his first wife, the testator then gives his attention to his second wife and her heirs, and expresses his intention in regard to them in the following words: "I now bequeath the whole of my property, both real, personal, and mixed, of every kind and description, to my beloved wife Emma Catherine Weller, and her heirs forever, to have and hold in her own use and benefit until my heirs become of age, and for her to divide equally the amount due to each, that she in her judgment shall be entitled to."

The first clause of this sentence of the will vests a fee simple estate in Mrs. Weller, and if there is a conflict between it and the succeeding clause, we think the latter should give way to the former, on the principle that where there is a conflict between the granting and the habendum clauses in a deed the latter must yield. This is the rule applied in the construction of deeds by our Supreme Court in the case of Moore v. City of Waco, 20 Southwestern Reporter, 61, and we can see no reason why it should not apply with equal force in the construction of wills. But we are of opin-

ion that the expression, "to have and hold in her own use and benefit until my heirs become of age, and for her to divide equally the amount due to each that she in her judgment shall be entitled to," occurring after the grant to Mrs. Weller in fee simple, are mere precatory words, and do not create a trust. While, as was said by Lord Ellenborough in Doe v. Allcock, 1 Barn. & Ald., 137, the testator has thrown together a heap of words the sense and meaning of which may not be easily apprehended, we think in holding these words to be precatory we adopt that construction of the will which accords with the intention of the testator as expressed in the whole instrument, and which we may fairly suppose he would wish to have adopted. The language clearly shows that the division among the heirs upon their reaching their majority was left to Mrs. Weller's discretion.

Upon this subject Mr. Story says: "It will be agreed on all sides that where the intention of the testator is to leave the whole subject as a pure matter of discretion to the good will and pleasure of that party enjoying his confidence and favor, and where his expressions of desire are intended as mere moral suggestions, to excite and aid that discretion, but not absolutely to control and govern it, there the language can not and ought not to be held to create a trust." 2 Story Eq. Jur., 453.

The Court of Chancery Appeals of Tennessee in the case of Hill v. Page, 36 Southwestern Reporter, 741, hold, "That to create a trust and make precatory words in a will operate as a trust, it must be clear that the estate vested in the first taker is not absolute, nor the disposition thereof unrestricted; that the subject of the request or devise is certain and the trust certain and definite; and further that the language used as gathered from the whole context is intended to be imperative and controlling, and not a mere matter of discretion." Applying these principles to the language under consideration, we think it clear no trust was created, and the words are merely a request of the testator, compliance with which was left to the discretion of Mrs. Weller.

Appellants' second and third assignments assail the conclusion of the lower court that the provision for partition among testator's heirs had reference only to his children by the second wife, and that if the will did not give a fee simple estate to the second wife, then it made a trustee of her for the benefit of her children by the testator. We have fully answered these assignments in discussing assignment 1, and we deem it only necessary to repeat that, considering the whole will and the main purpose of the testator in its execution, we think his intention is clear that the children by the first wife should have no part of his estate except the one dollar bequeathed to them by the will, and the words "my heirs," when used in connection with the request to his wife to divide his estate, means the heirs of the testator by his second wife. We think this construction is necessary to give effect to the whole of the instrument. We find no error in the judgment, and it is affirmed.

*Affirmed.*