**WILLIAMS et al. v. NICHOLS et al.**

No. 12519.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1953.

Rehearing Denied April 22, 1953.

Joanna Nichols, deceased, construed as establishing a testamentary trust in favor of plaintiffs.

The trial court sustained a number of exceptions, a plea in abatement and a motion to strike, and upon plaintiffs' refusal to amend rendered judgment dismissing the cause, from which judgment plaintiffs below have prosecuted this appeal.

Appellants seek to have the will of Ada Joanna Nichols, deceased, construed as establishing a testamentary trust in their favor. Omitting formal parts, the will reads as follows:

"I. I desire that all of my just debts be paid by my executor as soon as possible after my decease.

"II. I do give, devise and bequeath to my beloved husband, C. F. Nichols, all property, whether real and personal or mixed of every character and description which I may own or be entitled to at the time of my decease wherever the same may be situated.

"III. I direct that my said husband, C. F. Nichols, assume the obligation after my death of supporting my mother, Mrs. Ida Williams, and my father, Mr. J. L. Williams, and my sister, Miss Audry Williams, each, during their respective lifetime, and to provide them with all the comforts that they are accustomed to in accordance with their station in life.

"It is my desire and I direct that this obligation to support the three persons above named shall be personal as against my said husband, but it shall not be understood as a charge or lien on the property which I devise and bequeath to my said husband, and he shall have the right to sell or convey the same and execute mineral leases thereon, and to mortgage or otherwise dispose of the same in any way that he shall see fit, unaffected by the obligation imposed on him herein of supporting my father, mother and sister during their respective lifetimes, and should my husband die before all or either of said three persons, then this obligation to support the survivor or

K. D. Hall, Refugio, O. Kennedy, Beeville, for appellants.

Monning & Monning, Amarillo, B. Dudley Tarlton, Corpus Christi, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Ida Williams, a widow, suing by and through her next friend C. B. Williams, and a number of other plaintiffs, against P. R. Nichols and others, seeking to have the will of Ada

survivors of said three persons shall continue to be imposed upon the heirs and legal representatives of my said husband, to be paid from time to time as any other debt due by the estate of a decedent out of the general assets of the estate of my said husband, C. F. Nichols. If my sister, Audry Williams, should ever marry, then the obligation hereby imposed upon my husband to support her shall cease immediately upon such marriage.

"IV. I do hereby nominate, constitute and appoint C. F. Nichols to be sole and independent executor of this my last will and testament, and I direct that no bond be required of him as such and I further direct that no action be taken with regard to my estate in any Court save and except the probating of this, my last will and testament, and the filing of an inventory, and appraisement and list of claims as required by law."

Appellants' contention is that testatrix, by devising her estate to her husband, C. F. Nichols, and directing him to assume the obligation of supporting her mother, father and sister, created a testamentary trust, whereby the husband took no title to her estate except as trustee for said three persons.

In construing a will the all important thing is to ascertain the intention of the testatrix. The will should be construed from its four corners, Avis v. First Nat. Bank, 141 Tex. 489, 174 S.W.2d 255, and if possible all provisions should be given effect. Darragh v. Barmore, Tex. Com.App., 242 S.W. 714. It is only where the will is ambiguous in its terms that resort may be had to extrinsic evidence and other means to ascertain the intention of the testatrix. Neblett v. Butler, Tex.Civ. App., 162 S.W.2d 458.

By the second paragraph of the will, Mrs. Ada Joanna Nichols gave, devised and bequeathed to her husband, C. F. Nichols, all of her property. The language used was the usual and appropriate language to create in her husband a fee simple title to all of her property. In this paragraph of the will there is nothing to indicate that this fee simple title is to be limited in any way.

By the third paragraph of her will, Mrs. Nichols directed that her husband should assume the obligation after her death of supporting her mother, father and sister, Miss Audry Williams, but that this obligation should be personal and not understood as a charge or lien upon the property which she devised and bequeathed to her husband. This language does not in any way create a trust, but, on the other hand, shows an intention not to create a trust when she says the obligation should be personal and not create a charge or lien upon the property. She further provides that the obligation to support her mother, father and sister shall not prevent her husband from leasing, mortgaging and conveying the property, and she further provides that in the event her father, mother or sister should survive her husband, then the obligation to support the survivor or survivors would continue and be imposed upon the heirs and legal representatives of her husband, to be paid from time to time as any other debt due by the estate of a deceased person, out of the general assets of the estate of her husband. It will be noted that she does not say it is to be paid out of her estate. These provisions indicated that her property devised to her husband is not to be held in trust, but that the obligations to support one or more of these three persons who might survive her husband should be a charge against his estate.

It is our opinion that this will, when considered from its four corners, is not ambiguous and does not create a testamentary trust, but, on the other hand, provides for the property of Mrs. Nichols to pass to her husband in fee simple. The second paragraph of the will, which is the first one to have anything to say about the disposition of her property, clearly provides that her husband is to take all of her property in fee simple. This clear provision cannot be disturbed, cut down or diminished by subsequent provisions in the will, unless the language there used is equally as expressive and positive as that first used. Gilliam v. Mahon, Tex.Com.App., 231 S.W. 712; Wel-

ler v. Weller, 22 Tex.Civ.App. 247, 54 S.W. 652. The language in paragraph three is not equally as expressive or positive as that used in the second paragraph. As a matter of fact, it affirmatively states, in effect, that she did not intend to limit the fee simple title in any way. The provisions of the will are not ambiguous and extrinsic evidence of surrounding circumstances was not admissible to show the intention of the testatrix, but that intention was properly determined by the trial court, as a matter of law, from the four corners of the will.

Appellants rely strongly on the cases of McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, and McMullen v. Sims, Tex.Com.App., 37 S.W.2d 141. The language used in the wills involved in these two cases is quite different from that used in Mrs. Nichols' will.

In McMurray v. Stanley the third and fourth clauses of the will read as follows [69 Tex. 227, 6 S.W. 413]:

"Third. It is my will and desire that my beloved husband shall have all my property, both real, personal, and mixed, whatever the interest may be, whether separate or community interest; and that he shall have full power and control over same, to use and dispose of as he may desire. Fourth. It is my will and desire that at his death, should he have any of said property still remaining in his possession not disposed of or used by him, that the same shall be given by him to my nieces, Jessie McMurray and Flora Brown, daughters of Vina and Taylor Brown.".

In McMullen v. Sims the second and third items of the will read as follows [37 S.W.2d 142]:

"2. Having in mind the pending separation of myself and wife, Gladys Johnson Sims, pre-supposing a divorcement of such marriage and a continued separation, and there now being no community property rights existing between myself and wife, she having received and taken all of her separate and individual as well as her interest in the community property prior to this date, and entertaining a strong fatherly love for my two girl children, Helen Trix Sims and Mildred Beverly Sims, and to the end that my said children may be provided for should they at any time hereafter become in want and in need of a support, I hereby give and bequeath unto my brother, V. B. Sims, all and entire of my estate of which I may die possessed of, including all of my real and personal property, bills receivable, life insurance policies or any and all other demands, annuities or other incomes or sources of income.

"3. It is my desire and I so direct that my said brother, V. B. Sims shall take and hold said properties of and belonging to my estate and to handle same according to his best judgment in such a manner that said estate may be placed and conducted upon an income basis, that is, that moneys belonging to my said estate shall be invested or loaned at interest in a safe manner so as it may be continually bringing and bearing an income, and that the real estate may be so managed, handled and controlled as to produce an income either in rents or leasage, and that my personal property be converted into cash at such time and in such manner as to produce the best results in sales and prices, the proceeds of such matters and things to be kept and maintained in one common fund to be known and continued as the E. C. Sims [E. C. Sims is the testator] estate. I hereby confer upon my said brother as legatee hereunder full power and authority to make and execute any and all instruments necessary to the handling and disposition of my said estate for carrying out the purposes of this my last will and testament." .

The above provisions of these two wills are so different from items II and III of Mrs. Nichols' will as to at once indicate the distinction between those cases and this case.

In the granting clause of the will construed in the McMurray case there is language indicating that the devisee is not to take fee simple title to testatrix' property.

Paragraph 3 of the will construed in the McMullen case begins with a preamble which indicates that his purpose in making the will is to provide for his two daughters. There is nothing of this kind in the granting clause of Mrs. Nichols' will. Weller v. Weller, 22 Tex.Civ.App. 247, 54 S.W. 652. In the McMurray and McMullen cases the subsequent paragraphs of the wills strongly indicate the certainty of a trust, while in Mrs. Nichols' will she expressly states that the obligation to be assumed by her husband is to be a personal one and not to constitute a charge or lien on her property. There are other distinguishing features in these wills, but we feel the above are sufficient to show why those two authorities should not govern our decision here.

When the entire will of Mrs. Nichols is considered, it is apparent that she did not expressly or impliedly intend to create a testamentary trust but, on the contrary, expressly provided for the title to her property to pass unqualifiedly to her husband.

The judgment is affirmed.