<table>
<tr><td>36</td><td>365</td></tr>
<tr><td>58</td><td>330</td></tr>
<tr><td>36</td><td>365</td></tr>
<tr><td>64</td><td>348</td></tr>
<tr><td>36</td><td>365</td></tr>
<tr><td>72</td><td>597</td></tr>
</table>

LORENZO D. JACOBS, EXECUTOR, *vs.* HENRIETTA S. BRADLEY AND OTHERS.

A testator gave the use of one-half his property "to *L,* and *H* his wife, during their natural lives." Held to mean *L* and *H* and the survivor of them.

A legacy was given to "the Episcopal Society in Hamden." Held to be a good legacy to "Grace Church," that being the only episcopal society in Hamden.

A pecuniary legacy was made payable at the expiration of the lives of certain persons to whom by the preceding bequests the testator had given the life use of most of his estate. This legacy was followed by sundry other pecuniary legacies in most of which no time of payment was specified. Held that the provision with regard to the time of payment of the legacy first mentioned did not apply to the other legacies.

A legacy to a school district contained the following condition:—"provided the school house shall be located one-half mile from where it now stands." The school district after the death of the testator voted to build a new school house

where the old one stood and were proceeding with the construction of the same. Held that the legacy should be treated as lapsed.

The will gave "all articles of furniture in the house to *H*, so long as she or her husband shall occupy the house and use the same." Held to be a bequest of the use of the furniture, under the limitation stated, to *H* and her husband and the survivor of them.

BILL IN CHANCERY for advice as to the construction of a will; brought to the Superior Court in New Haven county. The case was reserved upon a finding of facts for the advice of this court. The facts are fully stated in the opinion.

*Morris*, for the petitioner.

*Doolittle*, for the respondents.

BUTLER, J. This is a petition in chancery brought by Jacobs, as executor and trustee of Sterling Bradley, deceased, to obtain from the Superior Court, for his guidance, a construction of certain clauses of the will of said Bradley. The will was in the following words:

" I, Sterling Bradley, being of sound mind, do make, constitute and declare this to be my last will and testament. After paying my funeral expenses and all legal charges, I give my property as follows, viz:

" 1st. I give to my wife, Henrietta S. Bradley, the use of one half of all my property, both real and personal, during her natural life.

" 2d. I give the use of the remaining one-half of my property, both real and personal, to Lorenzo D. Jacobs and Harriet Jacobs his wife, during their natural lives.

" 3d. I give, at the expiration of the lives of Henrietta S. Bradley, Lorenzo D. Jacobs and Harriet Jacobs, one thousand dollars to the Episcopal Society in Hamden.

" 4th. I give to Mary A. Dickerman five hundred dollars, when she arrives at the age of twenty-one years.

" 5th. I give to Cornelia Dudley, Horace B. Todd and Amasa B. Todd, one thousand dollars each, in either personal or real estate.

" 6th. I give to Frederick Jacobs, son of Russell S., five hundred dollars.

" 7th. I give all articles of furniture and other moveable property in the house to Harriet Jacobs, so long as she or her husband occupies the house and uses the same.

" 8th. I give to Wilbur Dudley, when he arrives at the age of thirty years, a certain tract of land, with the buildings thereon standing, containing sixteen acres more or less; bounded north on highway, east on Mill river, south on lands of Horace Bradley and John C. Scott, and west on highway; said Wilbur Dudley to use the above described property during his natural life.

" 9th. I give the First School District in Hamden five hundred dollars, provided the school house shall be located one-half mile from where it now stands.

" 10th. I give the remainder of my property to be divided equally among my legal heirs.

" 11th. I make, constitute and appoint Lorenzo D. Jacobs to be the executor of this my last will and testament.

" 12th. I appoint Lorenzo D. Jacobs, and Birdsey A. Bradley, as trustees to take charge of my property, and dispose of the same in accordance with the provisions made in my will.                    STERLING BRADLEY.   [L. S.]"

The petitioner, averring that some of the clauses are ambiguous, propounded to the court in his petition the following questions, viz :

1st. Whether the bequest in the second clause of the will to Lorenzo D. Jacobs and Harriet Jacobs his wife, is to them and the survivor of them, or whether the same terminates wholly or in part with the death of one of them.

2d. Whether the legacy in the third clause of the will to the Episcopal Society in Hamden, is a valid bequest, and if so, when the same is to be paid.

3d. Whether all the legacies, devises and bequests contained in the will after the third clause thereof, are not to be paid at the same time that the legacy in the third clause is to be paid, to wit: " at the expiration of the lives of Henrietta S. Bradley, Lorenzo D. Jacobs and Harriet Jacobs;" or

whether some of the bequests are to be paid now, and whether some of the bequests are to be paid at the death of either of the persons named.

4th. Whether the bequest in the ninth section of the will, to the First School District in Hamden, is a valid bequest, and if so, when it is to be paid, and within what time must the location of the school house be changed to entitle the district to this bequest.

5th. Whether under the twelfth section of the will the trustees have power to convey real estate, not specifically devised, to pay the legacies named in the will.

The court thereupon by committee found the following facts and reserved the questions for the advice of this court.

The facts found are as follows:

Sterling Bradley, the testator, died at Hamden, in New Haven county, on the 24th day of December, 1868. At the time of his death, and for many years previous thereto, he was a resident of and domiciled in Hamden. He left a will executed on the 3d of February, 1864, naming the petitioner as executor and trustee. The inventory of the estate amounted to about $10,000 in real estate, and about $18,000 in personal estate. After paying the debts and funeral expenses and the expenses of settling the estate, there remains all of the real estate, and about $16,000 in personal estate. The executor has paid all debts proved against the estate, but has not paid any of the legacies.

Sterling Bradley, at the time of his death, left a widow, Henrietta S. Bradley, one of the respondents, but left no child, or lineal descendant. He left, also, at the time of his death, one brother, Horace Bradley, one of the respondents, but left no other brother or sister, nor representative o. any other brother or sister. Henrietta S. Bradley, the widow, at the time of the death of her husband, and for some years previous thereto, was insane, and was at the time of his death in the Insane Retreat at Brattleboro, Vermont. She is seventy-two years of age. Lorenzo D. Jacobs, named in the will, is brother of said Henrietta S. Bradley, and brother-in-law of the testator, and is in the fifty-fourth year of his age.

Harriet Jacobs, the wife of Lorenzo D. Jacobs, is in the fifty-fifth year of her age.

There is but one Episcopal society in Hamden, and that is the society having a church located at Centerville in Hamden, and known as " Grace Church."

Mary A. Dickerman, named in the will, is the daughter of Philos Dickerman, of Hamden, and is a minor, aged about ten years. Cornelia Dudley and Amasa B. Todd, named in the will, are grand-children of Horace Bradley, the brother of the testator. Horace B. Todd, named in the will, and to whom one thousand dollars was given, died before the testator. Frederick Jacobs, named in the will, is a nephew of the widow of the testator. Wilbur Dudley, named in the will, is a minor son of said Cornelia Dudley, and is about thirteen years of age. The real estate specifically devised to him in the will, was owned and possessed by the testator at the time of his death.

The school house of the First School District, named in the will, stood, at the time the will was made, within fifteen rods of the dwelling house where the testator resided at the time of his death. The school district since his death have voted to build a new school house where the old building stood at the time the will was made, and have commenced to put up such new building.

Upon consideration of the clauses of the will in connection with the finding of the facts, we advise the Superior Court to give to the questions propounded the following answers, viz :—

1. That by the bequest in the second clause of the will, to Lorenzo and Harriet Jacobs, the testator intended to give the use of one half of his estate to them and the survivor of them, and did not intend, as claimed by the respondents, to give to the survivor the use of one-fourth only of his estate.

2. That the legacy in the third clause of the will to the " Episcopal Society in Hamden," there being such a society there, and only one, is a valid bequest to that society, although generally known as " Grace Church." This legacy is not

payable until after the death of Henrietta S. Bradley, Lorenzo D. Jacobs and Harriet Jacobs, in whole or in part.

3. The limitation in relation to the time of payment of the legacy to the episcopal society, contained in the third clause of the will, is applicable to that legacy only, and cannot be extended to other and distinct legacies contained in other and distinct clauses, and such other legacies are payable in the same manner and at the same time that they would have been if they had preceded the legacy referred to in the order of bequests, or that limitation had not been a part of the will.

4. The legacy to the school district in the ninth section has been practically refused by a neglect to accept or comply with the condition in a reasonable time, and by the vote, and the act of building a new school house upon the same site, which are permanently repugnant to the condition. That legacy should be treated as lapsed.

5. The personal estate being sufficient to pay all the debts and legacies, they should of course be paid from that portion of the estate, and no question arises therefore as to the power of the trustees to sell real estate for the purpose.

6. The bequest of the use of the furniture, contained in the seventh clause of the will, is a bequest, under the limitation stated, to Harriet Jacobs and her husband and to the survivor of them.

There are no other clauses in the will which in our opinion require construction by the Superior Court.

In this opinion the other judges concurred.