FREDERICK P. LEPARD, ADMINISTRATOR, *vs.* LEWIS B. SKINNER AND OTHERS.

Hartford Dist., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and THAYER, JS..

A testator gave the use of all his real and personal estate to *M* for life and after her death to two nephews for their lives. By a prior clause he had given pecuniary legacies to two women, one an aged family servant, and by later clauses he gave his dwelling house and furniture to two female relatives and a pecuniary legacy to the children of one of the legatees. Certain charitable bequests were then made, which were in terms made payable after the death of the survivor of the two nephews. Held that, taking the whole will together, it must be regarded as the intention of the testator that all the legacies not in terms postponed till the termination of the life estates should vest upon his death, and that the life use given to *M* and the nephews was only of the property left after those legacies were paid.

[Argued January 14th—decided February 17th, 1890.]

SUIT for the construction of a will; brought to the Superior Court in Hartford County, and reserved·for the advice of this court. The case is fully stated in the opinion.

*C. M. Joslyn*, for the estate of Mary A. Smith.

*W. F. Henney*, for Ann A. Mason, Ann E., Henry E. and Mary Batchelor.

*E. B. Bennett*, for Bessie and Martha Skinner.

*H. E. Taintor*, for Lewis B. and John T. Skinner.

CARPENTER, J. This is a suit for the construction of the will of Thomas Skinner. The case is reserved for the advice of this court.

The second and seventh clauses of the will give general pecuniary legacies, unconditionally and without limitation, to Ann E. Batchelor, Ann A. Mason, and to the two children

of Ann E. Batchelor. The sixth clause gives the dwelling house and the furniture contained therein to Bessie Skinner and Martha Skinner. The third clause gives to Mary A. Smith a life estate in all the testator's property. The fourth clause gives the same property to Lewis B. and John T. Skinner, and the survivor of them, for life, after the decease of Mary A. Smith. After the decease of the survivor several legacies are given to charity in the fifth clause, and the eighth clause disposes of the residue. Mary A. Smith died a few days after the death of the testator.

The case submits four questions:—

1. Did Mary A. Smith take an absolute estate in the furniture?

2. Are the legacies to Ann E. Bachelor and Ann A. Mason payable presently or after the termination of the life estates?

3. Are the life-tenants entitled to the use of the house and furniture for life?

4. Are they entitled to the income for life of the legacies given to the children of Ann E. Batchelor?

These questions may be embraced in one:—Are the pecuniary legacies, other than those given to charity, which are in terms payable at the termination of the life estates, payable now, or does the will postpone their payment until the death of Lewis B. and John T. Skinner? For the gift of the house and furniture will follow the pecuniary legacies; if the latter vested on the death of the testator, so did the former. The same rule must be applied to all. We think they all vested when the will took effect.

It is a general rule that specific and pecuniary legacies vest at the death of the testator, and are payable at or before the close of the settlement of the estate. The rule however does not apply when it appears that the testator had a contrary intention. *Jacobs* v. *Bradley*, 36 Conn., 365; *Platt* v. *Platt*, 42 Conn., 330. We discover nothing in this will to indicate that the legacies named in the second, sixth and seventh clauses of the will are to be postponed until the death of the life-tenants. On the contrary there are several circumstances which indicate that the testator's in-

Lepard v. Skinner.

tention was in harmony with the general rule. The estate amounts to over $34,000. The general legacies amount to $4,700, and the furniture to about $600. The case does not show the value of the dwelling house. That however is not material, as in any event, after paying all the legacies now under consideration, and delivering the dwelling house to the devisees, there still remains some $17,000 of personal property, apparently sufficient for the support of Mary A. Smith had she lived, especially as a part or all of the principal could have been used for that purpose if necessary.

The legacies given to charitable societies in the fifth clause of the will are in terms payable after the termination of the life estates. The law confines the limitation to those legacies and will not extend it by implication to other clauses. *Jacobs* v. *Bradley*, *supra*. The testator had the subject in his mind, and made some of the legacies of the same class payable on the decease of the tenants for life, leaving others to the operation of the general rule. Moreover, the testator having used very different language in the bequests to charitable objects, the inference is very strong that he did not intend that they should stand upon the same footing with the others.

One of the legatees, Ann Mason, was a servant for many years in the family, and was about seventy years old when the will was made. The life-tenants were then about fifty. We cannot suppose that the testator intended that her legacy, $200, should be postponed until the death of the life-tenants; but her legacy is postponed if any are. There is no room for a distinction.

While therefore the language of the will creating the life estate is general—" all my real and personal estate "—yet from the whole will it is reasonably certain that he intended only what should remain after the payment of these legacies.

This view of the case disposes of the first question; for Mary A. Smith took no interest in the furniture, not even a life estate.

The Superior Court is advised to decree accordingly.

In this opinion the other judges concurred.