CHARLES A. HUMASON ET UX. *vs.* PHILO ANDREWS, AD-
MINISTRATOR, ET AL.

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave to his two daughters the income of his estate, " share
and share alike, for their sole and separate use during their natural
lives." *Held* that the legatees took not as joint tenants with the
right of survivorship, but severally as tenants in common, each
being entitled during her lifetime to one half the income of the
estate.

Argued January 4th—decided February 13th, 1900.

ACTION to recover the income accrued from certain prop-
erty bequeathed to two tenants for life, brought by the sur-

viving life tenant to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.,* upon the defendants' demurrer to the complaint; the court overruled the demurrer and afterwards rendered judgment for the plaintiffs, and the defendants appealed for alleged errors in the rulings of the court. *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*Bernard F. Gaffney,* for the appellants (defendants).

*Frank L. Hungerford,* for the appellees (plaintiffs).

HALL, J. The plaintiffs are seeking by this action to recover from the administrator of the estate of Thomas Burrill one half of the income of said estate received by said defendant since the death of the testator's daughter, Mary Martin. The right of the plaintiffs to recover depends upon the right of Julia Humason to receive the entire income from her father's estate after the death of her sister, Mary Martin, by reason of the following language of the second clause of the will of Thomas Burrill: " *Second.* I give to my daughters, Mary Martin and Julia Humason, the use and improvement of all my estate after the death of my said wife, share and share alike, for their sole and separate use (independent of the control of their husbands) during their natural lives. . . ."

The plaintiffs claim it was the intention of the testator, as shown by this language and by such circumstances apparent upon the record as may properly be considered, that upon the death of either of his said daughters the survivor should take the entire income of the estate during her life.

The defendant insists that no such intention is expressed by the language of the will, and that the clause in question gives to Julia Humason no other interest in the income of the estate than the right to one half of the same during her own life.

It is a general rule of construction that " under a legacy given to several, *nominatim,* to be equally divided between them, they take, *prima facie,* severally as tenants in common;

but this presumption obtains only in the absence of, and not in opposition to, a contrary intent apparent from the whole will, viewed in the light of the surrounding circumstances, so far as they may properly be taken into consideration." *Rockwell* v. *Bradshaw*, 67 Conn. 8, 16, 17. It is also a general rule that when a legacy is given to several persons as a class, the share of a deceased legatee goes to the survivors. "*Prima facie* joint legatees take as a class; otherwise where the legacy is given to them as tenants in common. All these rules, however, yield to the manifest intention of the testator, as gathered from the whole will, viewed in the light of the surrounding circumstances." *Bolles* v. *Smith*, 39 Conn. 217, 219; *Bill* v. *Payne*, 62 id. 140–143; *Morris* v. *Bolles*, 65 id. 45, 52.

In *Jacobs* v. *Bradley*, 36 Conn. 365, the gift of the income was to *L* and his wife *H* during their natural lives, and they were held to take as joint legatees; but there was no provision that the income should be equally divided between them.

In *Bolles* v. *Smith*, *supra*, the gift of the residue was to *F*, *V*, and *T*, "sons of my late brother *R* . . . equally . . . by their paying the legacy bequeathed to my wife, and also the legacies hereinafter named." The court decided the legacy to be joint, because the only condition upon which it could take effect was the assumption by the legatees of a joint obligation to pay the other legacies and provide for the widow; holding that the imposition of that condition clearly indicated that the testator intended that the legacy should be joint. That the legacy given by this clause of the will would not have been considered a joint legacy without the provision imposing such conditional joint obligation upon the legatees, is plainly intimated by this language of the opinion: " But the will names all the sons, and provides that they shall take equally. That, alone, indicates an intention that they should take as tenants in common."

In the case before us the gift was to the testator's daughters, naming them, and the income was to be divided equally between them. The phrase "share and share alike" occurs

both in the second and in the fourth clauses of the will. In the latter it clearly means that the three grandchildren shall take severally one third of the residue of the estate. We see no reason why the same words in the second clause should not mean that one half of the income of the estate is given to each of the two daughters.

Under the general rules of construction above cited, we think the income was not given to them jointly, but severally as tenants in common, and that each of the daughters took individually and not as a member of a class. We discover nothing in the language of the will or the attendant circumstances to indicate a contrary intention of the testator. The Court of Common Pleas erred in overruling the demurrer and deciding that the plaintiffs were entitled to recover.

In the present suit it is proper for us to construe this will only for the purpose of determining the question of the right of the plaintiffs to the entire income of the estate. To whom the administrator should now pay the money in his hands, and whether one half of the estate should now be distributed to the grandchildren according to the provisions of the fourth clause of the will, are questions which cannot be decided in this action.

There is error and the judgment is reversed.

In this opinion the other judges concurred.