ELIHU G. LOOMIS, trustee, vs. ROBERT S. GORHAM,
& another, trustees, & others.

Suffolk. December 18, 1903. — October 17, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Devise and Legacy*, Construction. *Trust*, Termination.

A will, after giving $5,000 outright to a nephew and the same sum outright to a
niece of the testator, gave to trustees, in trust for the same nephew and niece,
"the sum of ten thousand dollars the net income to be paid them equally during
their lives." *Held*, that each of the legatees took an equitable life estate in one
half of the gift of $10,000, and that they took this interest as tenants in common
and not as joint tenants, so that, on the death of one of them, the trust should be
terminated as to one half of the fund of $10,000, which should be distributed
under the residuary clause of the will, this construction being confirmed by pro-
visions in other portions of the will.

BILL IN EQUITY, filed March 13, 1903, by the trustee under
the will of Isaac D. Farnsworth, late of Boston, for instructions.

The case came 'on to be heard before *Braley*, J., who at the
request of the parties reserved it upon the bill, answers and
agreed facts for determination by the full court, such decree to
be entered as equity and justice might require.

*V. Skinner*, for the trustee.

*Roland Gray*, for the defendants Gorham and Bryant, as
trustees and guardians *ad litem*.

*C. R. Darling*, for Mary R. Melendy.

*G. A. Sanderson*, for Mary P. Jackson personally and as
administratrix and guardian.

KNOWLTON, C. J. The will of Isaac D. Farnsworth late of
Boston, deceased, contains this clause : " To my nephew Edwin
W. Jackson of South Deerfield five thousand dollars. To my
niece Mary Jackson of South Deerfield five thousand dollars.
To Elisha Atkins and Charles D. Flint in trust for Edwin W.
Jackson and Mary Jackson, as aforesaid the sum of ten thousand
dollars the net income to be paid them equally during their
lives." Edwin W. Jackson has deceased, and the question is
whether the share of which he has received the income, goes to
his legal representatives, or passes under the residuary clause

of the codicil. It is contended that the language creating the trust gives an absolute estate to Edwin W. Jackson, to be held in trust during his life, and then to pass to his representatives. But we are of opinion that the testator intended to give him only a life estate in one half of the legacy, to be held in trust. In the first place, there is no disposition of any part of this legacy, except the income for the lives of the respective beneficiaries. In the same clause, in the language first quoted, there is a gift of $5,000 to each of them absolutely. Then follows the language in question, giving each of them for life the income of one half of $10,000. We think the distinction marked in the two parts of the clause is between an absolute estate and a life estate. The only expressed terms of the trust are that this income shall be paid for the lives of the respective beneficiaries. If the language is to be taken literally, on the death of both the trust ends, and the property is left in the hands of the trustees, to be disposed of under the residuary clause.

In the first codicil is a recital which shows that at the time of the execution of the original will the testator expected that there would be a residue undisposed of, and he gives this in his codicil to trustees for the benefit of Agnes Ryan. There is, therefore, no ground for a contention that our construction of the will produces an intestacy which the testator did not intend.

Our view is strengthened by the fact that later in the will the same trustees are given the sum of $10,000 for each of three persons, with a provision that the income shall be paid to each " beneficiary during her life, . . . then the principal to her heirs at her death." If the testator had intended that the gifts now in question should be treated in this way, we think he would have used similar language in stating the terms of the trust under which they are held. We are therefore of opinion that each of these two legatees took only an equitable life estate in one half of the gift of $10,000. See *Wainwright* v. *Tuckerman,* 120 Mass. 232 ; *Buffinton* v. *Maxam,* 152 Mass. 477 ; *Perkins* v. *Stearns,* 163 Mass. 247 ; *Wynn* v. *Bartlett,* 167 Mass. 292.

We are also of opinion that they took as tenants in common and not as joint tenants. It is a general rule that when a bequest is made to several persons, of income to be divided " equally " among them, they take as tenants in common and

not as a class or as joint tenants. *Frost* v. *Courtis*, 167 Mass. 251. *Shattuck* v. *Wall*, 174 Mass. 167, 169. *Stanwood* v. *Stanwood*, 179 Mass. 223, 226. *Jones* v. *Randall*, 1 Jac. & W. 100. *Bryan* v. *Twigg*, L. R. 3 Eq. 433. It follows that as to one half of the principal sum of $10,000, the trust should be terminated, and that part of the principal, and such income as has accrued since the death of Edwin W. Jackson, should be paid over to the trustees who are entitled to the residue under the codicil, namely, the defendants, Robert S. Gorham and John D. Bryant.

*So ordered.*