In the Matter of the Estate of WILLIAM S. EMERY, Deceased.

Surrogate's Court, New York County, November 3, 1927.

*Campbell, Harding & Goodwin,* for the appellants.

*White & Case,* for the executor.

FOLEY, S. The referee's report will be confirmed and the exceptions thereto will be overruled. I hold that his findings and conclusions with respect to the claim of Bertha Belle Emery and Grey Gables, Inc., to the proceeds of the sale of certain real property are correct; that his determination with respect to the sale of 200 shares of Sinclair Oil Company preferred stock was likewise proper; and that the claim of Laura E. Finnie was properly disallowed. As to the further question raised before me, I hold that the claim of Bertha Belle Emery, as life tenant of the residuary trust, to the gross income earned on the estate during the period of administration, must be disallowed. Under the language of the will she became entitled to all income earned upon the residue after the payment of certain annuities. Necessarily the determination of the amount due her for income from the date of death of the decedent depended upon the ascertainment of the clear residue which constituted the corpus of the trust. There is no indication of intent in the language of the will that gross income should be paid to her from the date of the testator's death. The circumstances here, therefore, must be distinguished from the facts in *Matter of Slocum* (60 App. Div. 438, 441), where the will directed that all the income " of my estate " be paid to the life tenant. The direction to pay the income earned

on the residue requires the ascertainment of residue in accordance with the authorities of this State. (*Matter of Benson*, 96 N. Y. 499, 511; *Williamson* v. *Williamson*, 6 Paige, 298, 306; *Matter of Brokaw*, 165 N. Y. Supp. 700.)

All income earned during the period of administration must be included in the computation of such residue. On the settlement of the decree the parties may submit computations of their respective claims with regard to the exact amount of income payable to the widow pursuant to the rules laid down by the later decisions.

Submit decree on notice confirming the referee's report and settling the account accordingly.