In the Matter of the Estate of ROBERT C. REESE, Deceased.

Surrogate's Court, New York County, June 2, 1930.

*Murray, Aldrich & Webb,* for the petitioner..

*Olcott, Holmes, Glass, Paul & Havens* [*William Polglase* of counsel], for Thomas Reese.

*Carter, Ledyard & Milburn,* for the respondent Dr. Algernon B. Reese.

FOLEY, S.  In this accounting proceeding a question arises as to the amount of income which is payable to the widow as life tenant of the residuary trust.  Counsel for the widow contends that the method of computation laid down in *Matter of Benson* (96 N. Y. 499) should not be followed, and argues that the gross income earned during the period of administration should be paid to the life tenant.  These contentions must be overruled.  The rule of ascertainment of income in the *Benson* case has been uniformly followed by the surrogates and the appellate courts in arriving at the true residue of an estate and the amount of net income payable from the date of death to the *cestui* of the trust.  (*Matter of Brokaw,* 165 N. Y. Supp. 700; *Matter of Emery,* 134 Misc. 714; *Matter of Brookfield,* 109 id. 345; *Williamson* v. *Williamson,* 6 Paige, 298.) It provides a fair and equitable allocation of gross income between the life tenant and remaindermen.  (*Matter of Phillips,* 128 Misc. 896.)  It does not offend against the statute prohibiting accumulations, for the true net income is paid from the date of death and the true principal, constituting the residuary trust fund, is set up.  Only recently my decision in *Matter of Lord* (134 Misc. 198), which applied the rule of the *Benson* case, was affirmed by

the Appellate Division, First Department, without opinion (228 App. Div. 771). I find no evidence of intent on the part of the testator here in his will to depart from this well-established rule, nor do I find any expressed or implied purpose to give the widow the gross or entire income earned by the general assets of the estate. Cases have occurred where that intent was plainly and clearly defined. The gift to the wife here was simply a direction to pay to her " the income derived " from the residue. The provisions of the will, therefore, contemplated the ascertainment of the residue under the customary method.

The claim for computation of the income asserted by the widow must, therefore, be overruled. Submit decree on notice settling the account and construing the will accordingly.