In the Matter of the Estate of FREDERIC DE PEYSTER FOSTER, Deceased.

Surrogate's Court, Orange County, March 23, 1932.

*William C. Heywood,* for the executor and trustee.

*Stanley B. Johnson,* special guardian.

TAYLOR, S.  The testator by the " twenty-ninth " paragraph of his will gave all the rest, residue and remainder of his estate to his trustee to collect and receive the income, make investments of capital and to pay to his wife during her lifetime in quarter yearly payments the sum of $50,000 a year, and out of such net income to apply to the use of his sister the sum of $12,000 a year.  The clause then goes on to provide that " if in any year or years during my wife's lifetime the net income of my residuary estate shall be more than sufficient to make in full the payments above provided for, then, in each such year after such payment shall have been made, I direct my trustee to pay to my brother [naming him, two sisters, another brother, a nephew and niece], share and share alike, the net income remaining after the payments to my wife and to my sister   *   *   *."

By the " second " paragraph of a codicil the testator further provided that if his estate should be more than sufficient to carry out the provisions of his will, certain additional outright bequests were made and a trust of $20,000 set up for one Alcock, with the authorization to the trustee to pay to said beneficiary absolutely at one time or from time to time a part or parts of the trust fund not exceeding $1,500 in any one year.

The " thirtieth " paragraph of the will contained a request " that the pecuniary legacies given in this, my will, shall be paid by my executor as soon as conveniently may be after my death without regard to any statutory restriction as to the time for such payment," and that the first payment of income to his wife and his sister be made with the least possible delay out of the general income " without awaiting the setting up of the trusts as to my residuary estate hereinbefore created   *   *   *."

The first paragraph of the will directs the executor to pay " with all convenient speed " all the testator's debts, funeral and administration expenses.

The executor and trustee concedes the general rule that income derived from assets which were used at various times during the

administrative period for the payment of debts, legacies and administration expenses constitutes an addition to the principal of the residue, but asks that the will be construed to mean otherwise, because of the provision that if in any one year or years during the lifetime of the testator's wife the net income should be more than sufficient to pay the annuities provided for, the surplus should be divided among brothers, sisters, a nephew and a niece.

The special guardian has filed objections to the items in various schedules of the account indicating payments to these brothers, sisters, nephew and niece of income not based upon what has sometimes been termed as the " clear " or " true " residue, to turning over to the trustee before the expiration of one year from the issuance of letters testamentary of cash and securities to form the corpus of the trusts, and, generally, to all payments within that period, except as to the payments of the annuities to the wife and the sister.

The testator was a lawyer and the special guardian contends that the will shows his familiarity with the general rule in that he directed by the " thirtieth " paragraph that the pecuniary legacies be paid by his executor as soon as convenient after his death without regard to any statutory restriction as to the time for such payment, and that the payment of the annuities should be made out of the general income without awaiting the setting up of the trusts.

The general rule that income derived from funds used for the payment of debts, administration expenses and general legacies is part of the principal of the residue and when added to it forms what has been called the " clear " or " true " residue seems to be so well established that a contrary intention must be very clearly expressed. (*Williamson* v. *Williamson*, 6 Paige Ch. 298; *Matter of Phillips*, 128 Misc. 896; *Matter of Emery*, 134 id. 714; *Matter of Lord*, Id. 198; *Matter of Benson*, 96 N. Y. 499; *Matter of Reese*, 141 Misc. 428.)

The *Emery* case seems to be very similar to the one under discussion and it was therein said that " there is no indication of intent in the language of the will that gross income should be paid to her from the date of the testator's death."

It should be observed that the testator died before the effective date, April 24, 1931, of section 17-b of the Personal Property Law (as added by Laws of 1931, chap. 706).

It is the general rule that a life tenant is entitled to income from the date of the testator's death, the amount to be determined upon the clear residue in those instances wherein the trust is to be set

up out of the residue. (*Cooke* v. *Meeker*, 36 N. Y. 15; *Matter of Bird*, 241 id. 184.)

So much of the so-called income as may have actually been earned upon funds used for the payment of debts, funeral and administration expenses is principal and part of the residuary corpus.

There can be no objection on the part of the residuary remaindermen to the payment of debts before the expiration of the administrative period, because the estate was amply sufficient to take care of all the debts, and as hereinbefore noted the testator expressly directed their payment " with all convenient speed."

The executor was carrying out the testator's clearly expressed intent in paying the pecuniary legacies as promptly as it conveniently could. The objections in this connection are overruled.

It has been suggested that, strictly speaking, a legacy does not include sums which are payable to the beneficiary of a trust fund (*Hughes* v. *Hiscox*, 105 Misc. 521, 525), but, on the other hand, a legacy has been defined to be " A gift of personal property by last Will and Testament," and that " a direction to the executor to support and maintain a person during his life gives him a legacy." (Bouvier Law Dict. [Baldwin ed.].) In referring to the income from a trust the court in *Matter of Stanfield* (135 N. Y. 292, 294) stated that " the bequest is not of a part of the principal of the estate, or of any property possessed by the testator in his lifetime; but of that which is to arise or accrue after his death from a specified fund to be set apart for that purpose. It is the income which constitutes the respondent's legacy." (See, also, *Matter of Slocum*, 60 App. Div. 438; modfd., 169 N. Y. 153.) So it is in this case, and certainly the provision for a money income comes within the definition of " pecuniary " in 48 Corpus Juris, 778, namely, " consisting of money, financial; monetary; relating to money." I, therefore, hold that in the payment of income during the administrative year and the setting up of trusts in whole or in part was but carrying out the testator's direction that pecuniary legacies be paid as soon as convenient. The income to which the various life beneficiaries are entitled, however, should be computed and adjusted upon the ascertainment of the clear residue as defined in the cases hereinbefore cited.

Decree may be settled upon two days' notice or by consent.