THE UNION AND NEW HAVEN TRUST COMPANY, SUCCESSOR TRUSTEE (WILL OF MARK M. SELLEK) *v.* ALBERT E. SELLEK ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 7—decided February 5, 1942.

*Grant N. Nickerson,* for the plaintiff.

*Nathan A. Resnik,* for the defendants Sellek.

*Stanley Daggett,* with whom was *I. Gordon Colby, Jr.,* for the defendant Caroline Ann Harrington, Administratrix.

*Herbert L. Emanuelson,* for the defendant Lily Malley.

MALTBIE, C. J. Mark M. Sellek died, a resident of New Haven, in 1931. In his will he gave several legacies to individuals and one to a hospital, and provided a trust fund for the support of a brother, the principal to be distributed at the brother's death. Then followed the seventh article, in which he gave the sum of $50,000 to the plaintiff in trust, the part relevant to the issues before us reading as follows: ". . . to invest the same and divide equally the income therefrom, after payment of all the expenses attendant upon its execution, to my brothers, Albert E. Sellek, now of Chicago, Illinois, George Philip Sellek, now of Portland, Oregon, and my sister Sarah S. Walker, now living in the County of Kent, England, during the

remainder of their lives, in at least semi-annual payments. And I further direct my Trustee at the death of the last survivor of my said brothers or sister, to pay over the remainder of said trust fund from which this income has been derived, to Yale University. . . ." In the eighth article he gave all the residue of his property, real and personal, to a friend, Mrs. Malley, to be hers absolutely; and in the ninth article he provided that if "any of the pecuniary legacies" should "fail for want of a beneficiary" the legacy was to become a part of the residue. The questions before us arise out of the provisions in the seventh article. The testator's sister, Sarah S. Walker, died in 1940, but the two brothers named in the article are living. The plaintiff seeks advice as to the persons to whom shall be paid the portion of the income which Mrs. Walker would have received had she lived.

There are four possible ways in which the share of Mrs. Walker in the income might now be disposed of: (1) It might be paid to the surviving beneficiaries; (2) it might be paid to the estate of Mrs. Walker; (3) it might be regarded as having lapsed and so fall into the residue or be intestate; (4) it might be accumulated until the end of the trust and become a part of the principal. 1 Scott, Trusts, p. 718. As there is no indication whatever in the will of an intent on the part of the testator that, upon the death of one of the beneficiaries, the share of income to which he or she was entitled should accumulate and become a part of the principal, we may lay that possibility out of consideration. *New Haven Bank* v. *Hubinger*, 117 Conn. 417, 423, 167 Atl. 914; *Stempel* v. *Middletown Trust Co.*, 127 Conn. 206, 216, 15 Atl. (2d) 305.

The surviving beneficiaries make the claim that the gift to them and their sister was a class gift, and that they therefore became entitled, at her death, to receive

all the income of the trust. Except for the provision that the income should be paid to the beneficiaries "during the remainder of their lives," there would be no basis for that contention. The gift of income was made to the beneficiaries eo nomine, to be divided equally between them; as appears from the preceding article of the will, there was at least one other brother of the testator not included among the beneficiaries of the trust; the use of the words "brothers" and "sister" was clearly descriptive, not intended as a primary designation of those who should receive the income. *Morris* v. *Bolles,* 65 Conn. 45, 51, 31 Atl. 538; *Humason* v. *Andrews,* 72 Conn. 595, 596, 45 Atl. 354; *Ritch* v. *Talbot,* 74 Conn. 137, 144, 50 Atl. 42; *White* v. *Smith,* 87 Conn. 663, 676, 89 Atl. 272; *Shannon* v. *Eno,* 120 Conn. 77, 92, 179 Atl. 479. The clause "during the remainder of their lives" cannot mean that the income was to be paid only so long as all three of the beneficiaries should live, because that would be in conflict with the express provision for the termination of the trust at the death of the survivor. It can only mean that each was to receive his or her share of the income so long as he or she might live. In *Anderson* v. *Bean,* 220 Mass. 360, 107 N. E. 964, a paragraph of a will containing a similar clause, when read in connection with other provisions, was held to create a class gift. That the phrase in itself would have that effect we cannot hold. Interpreted as it must be in the case before us, it clearly indicates that the testator was looking upon the beneficiaries not as a group but as individuals, because it provides that as to each, his or her share should terminate at his or her death. Moreover, the effect was to create estates in each variant from those of the others, by reason of the fact that a different time was fixed for the termination of each estate. Our conclusion is, therefore, that the

gift was not a class gift but one to the three beneficiaries as individuals.

If it were not for the clause "during the remainder of their lives," the effect of the gift would be to vest in each of the three beneficiaries a right to receive the income until the termination of the trust, which right would, upon the death of any one of them, become a part of his or her estate. *New Britain Trust Co.* v. *Stanley,* 128 Conn. 386, 396, 23 Atl. (2d) 142; *Morris* v. *Bolles,* supra, 50; *Thompson* v. *Martin,* 281 Mass. 41, 183 N. E. 51; 1 Scott, op. cit., p. 719. The quoted phrase as we interpret it, however, definitely places a limitation upon the length of time during which the share of the income should be paid to each beneficiary, that is, the time of his or her death, and the right to the income would terminate at that time, not at the expiration of the trust or the death of the last survivor. *Loomis* v. *Gorham,* 186 Mass. 444, 71 N. E. 981. The right of any beneficiary dying before the termination of the trust to receive income terminated at his or her death and there was nothing which could pass to his or her estate.

No provision is, therefore, made in the will for the disposition of the share of the income of any of the beneficiaries who died, from the time of his death until the termination of the trust at the death of the last survivor. The right to the income during this period became a part of the residue of the estate and the residuary legatee is entitled to receive it. *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 276, 135 Atl. 555; *Hartford-Aetna National Bank* v. *Weaver,* 106 Conn. 137, 140, 137 Atl. 388.

The purpose of the ninth article is far from clear. Without that provision, any legacy not a part of the residue which failed for want of a beneficiary would become a part of the residue. The words "pecuniary

legacies" are broad enough to include rights to receive income under the trust set up in the seventh article. *Matter of Foster*, 143 Misc. 191, 194, 256 N. Y. S. 383. We cannot read the provision as expressing an intent on the part of the testator that only legacies of specific sums of money given outright would, if they lapse, fall into the residue, and we can only conclude that the provision was inserted merely out of an abundance of caution.

We note that the residuary devisee and legatee argues, against her own interest, that the provisions of the seventh article constitute a class gift. But we are concerned with effectuating the intent of the testator, not the wishes of beneficiaries under the will, and, as we pointed out in a similar situation, the result she seeks may be accomplished by her voluntary act. *Burnham* v. *Burnham*, 101 Conn. 529, 533, 126 Atl. 704.

It is sufficient to meet any present need of the plaintiff for advice to say, in answer to the questions propounded, that the share of the income which Mrs. Walker would have received had she lived is to be paid, until the termination of the trust, to the residuary legatee and devisee.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.