CITY BANK FARMERS TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF LILLIE WEHRLE) *v.* FRAUEN VEREIN VON RIEGEL ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 85101

Memorandum filed October 7, 1953.

*John W. Boyd,* of Westport, for the Plaintiff.

*Louis Weinstein,* of Hartford, for the Attorney General of Connecticut.

*Adrian W. Maher,* of New Haven, United States Attorney, for the Attorney General of the United States.

*Maguire, Walker & Middleton,* of Stamford, for the Defendants.

CULLINAN, J. Lillie Wehrle died on February 19, 1924, a resident of Stamford, Connecticut. Her last will, admitted to probate by the Probate Court for the district of Stamford, established a trust with its life tenant the testatrix' sister, Josephine Ditrichstein. At her death in 1939, one-half of the principal of the trust became payable to Frauen Verein Von Riegel, hereinafter called the Verein, a German corporation located in Riegel, Germany, "for the establishment of a non-sectarian home for aged and needy to be called Josephsheim in memory of my dear father." In 1941 the trustee paid over to the Verein approximately $65,000, deferring payment of a trust balance until a parcel of trust real estate could be reduced to cash. When this liquidation was accomplished in August, 1949, the plaintiff trustee was prepared to distribute to the Verein its proportionate share of the avails, only to find that two complicating factors had intervened.

1. On October 19, 1948, the attorney general of the United States had filed a vesting order by which he claimed there was vested in him all the right, title, interest and claim of the Verein, its beneficiaries and its managers in and to the trust. The purported effect of the vesting order was to capture all of the German interests in the Wehrle trust. This order continues to remain outstanding and the attorney general of the United States contends that the balance on hand (approximately $8750) must be deposited with him as property belonging to aliens.

2. Following distribution of the original $65,000, the executor of Josephine Ditrichstein's estate claims to have learned that the Verein failed to use the funds for the designated purpose, namely, the establishment of a nonsectarian home for aged and needy. Instead, it is said, the Verein turned the money over to the municipality of Riegel to be used for the benefit of that town's poor and needy.

This action is brought by the City Bank Farmers Trust Company, as sole surviving executor and trustee under the will of Lillie Wehrle, seeking instructions as to the disposition to be made of the controversial $8750. Answer to the four following specific questions is sought:

A. Is the bequest to the Verein still valid as to the balance of the trust fund in view of the fact that a home for the aged and needy has not been established as provided in the Wehrle will or has the bequest lapsed as to said balance?

B. Should said balance, otherwise distributable to the Verein, be applied by the doctrine of approximation?

C. If the bequest to the Verein has lapsed, should such balance be paid over to the estate of Josephine Ditrichstein, the sole heir at law and next of kin of the testatrix, as intestate property?

D. Should the balance be paid over to the attorney general of the United States under his vesting order?

The gift to the Verein was not absolute and unconditional. It was a gift in trust to be used for the specified purpose of establishing a nonsectarian home for aged and needy in memory of the testatrix' father, and the failure of the Verein to use the $65,000 it received in 1941 for the indicated cause constituted an obvious violation of its duty.

The Verein, contending that the fund was insufficient to permit the establishment of a home, surrendered control of the money to the municipal authorities of Riegel, after which the common council of Riegel voted to use the money for the benefit of that community's aged and needy. In view of the diversion of the bulk of the trust fund to Riegel's municipal officers, there is no longer the slightest possibility of fulfilling the trust imposed by the testatrix. There is no practical way by which a Connecticut court can require the Riegel authorities to return the money, and, most assuredly, the balance of $8750 is insufficient to establish a home. The fact is that the trust cannot be performed with its consequent failure.

It is uniformly held that where it is impossible or impractical to accomplish the purpose of a trust, the trust necessarily fails unless the trust, being one for charitable or other public purpose, is saved by the application of the doctrine of cy pres. 3 Scott, Trusts, § 335; *New Britain Trust Co.* v. *Stoddard,* 120 Conn. 123; *Duncan* v. *Higgins,* 129 Conn. 136; *Waterbury Trust Co.* v. *Porter,* 131 Conn. 206.

The express intent of the testatrix was that the funds received by the Verein be used for the establishment in Riegel of an old people's home to be called "Josephsheim" as a memorial to her late father, Joseph Wehrle. When it is considered that the testatrix' father is buried in Riegel, that the gift was intended to establish and indefinitely maintain a "home" in Riegel, and that the home was to bear the name of the testatrix' father, the conclusion is inescapable that her primary motive was to establish a lasting monument to her father's memory. That the gift was made to a German corporation, which by reason of its location was peculiarly qualified to carry the testatrix' plan into effect, is a strong indication of the importance which she must

have attached to the plan. That the testatrix confined the benefit of her generosity to a limited class of persons in a small community is a further indication of the importance she attached to the particular use prescribed for her gift.

The doctrine of cy pres is inapplicable in this matter. Cy pres may be applied only where the particular plan prescribed by a testator is secondary to his general charitable intent. The doctrine is to be employed only where, upon the failure of the trust, the court finds in the terms of the will, read in the light of the surrounding circumstances, a general intent to devote to a charitable use to which the intent that it go to a particular purpose named is secondary. 3 Scott, Trusts, p. 2078; *Seymour* v. *Attorney General,* 124 Conn. 490; *Duncan* v. *Higgins,* supra; *Waterbury Trust Co.* v. *Porter,* supra. The only justification for application of the doctrine of cy pres is that it results in giving effect to the testator's intent. *President & Fellows of Harvard College* v. *Jewett,* 11 F.2d 119; *Second Ecclesiastical Society* v. *Attorney General,* 133 Conn. 89.

The 1943 action of the Verein, in turning over to Riegel's municipal authorities the funds it held in trust, made impossible the giving of effect to the testatrix' intent. Certainly it cannot be said that had the testatrix anticipated this breach of trust, her intent would have been that the $8750 now held by the plaintiff would likewise be subjected to a similar diversion. And yet if cy pres were applied here, for example, by the court's ordering the money paid over to a Connecticut charity or to another German charity, further diversion would ensue, compounding the injustice already done Lillie Wehrle. Such an order would be tantamount to rewriting the Wehrle will, a practice not sanctioned by the law. *Newton* v. *Healy,* 100 Conn. 5; *Union & New Haven Trust Co.* v. *Sellek,* 128 Conn. 566.

The attorney general of the United States has no right to the fund in the hands of the plaintiff. Manifestly, under his purported vesting order, he could vest in himself no greater interest that the national of an enemy country had, and, in the present litigation, he could vest in himself no greater interest than was held by the Verein or the beneficiaries of the trust. *Reque* v. *Speyer, Germany,* 97 N.J. Eq. 447; *State* v. *Alien Property Custodian,* 259 Wis. 169; *Chase National Bank* v. *Reinicke,* 75 N.Y.S.2d 63. Whatever interest the Verein may have had under the Wehrle will was a restricted interest, conditioned, as is every trustee's interest, in faithful adherence to its duties as a fiduciary and the continued existence of the trust. Lillie Wehrle never intended the Verein and the German beneficiaries to have any interest in the trust fund following the happening of an event which made fulfillment of the trust impossible. This being so, the attorney general of the United States is without interest in the fund.

The original trust having failed, the funds now in the hands of the plaintiff are impressed with a trust in favor of the testatrix' estate. *Waterbury Trust Co.* v. *Porter,* 131 Conn. 206. There has been a lapse with respect to this interest and it therefore passes, as in intestacy, to the estate of the testatrix' sister, Josephine Ditrichstein, who was her sole heir and next of kin.

Accordingly the plaintiff is advised that the bequest to the Verein has lapsed with respect to the balance on hand; questions B and D are answered "no;" and question C is answered "yes."

Within ten days from date counsel are instructed to file, in writing, statements of their claims for professional services and disbursements that proper allowances may be made by the undersigned.

Judgment accordingly.