## RICH et al. v. WITHERSPOON et al.

### No. 13851.

Court of Civil Appeals of Texas. Dallas.
Jan. 23, 1948.

Rehearing Denied Feb. 13, 1948.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellants.

Carter, Gallagher & Barker and Ben T. Warder, Jr., all of Dallas, for appellees.

YOUNG, Justice.

The suit in the trial court was by appellants, Eric W. Rich and 13 others, individual plaintiffs and members of a class of approximately 50 employees of Brooks Mays, against defendants, J. P. Witherspoon and three others, trustees of the will of Brooks Mays, to compel their recognition as beneficiaries under said will and for appropriate remedies in the enforcement of their claims. The appeal was taken from a judgment dismissing such cause upon motion, on grounds generally that (1) plaintiffs were merely the subject of a precatory request and not beneficiaries under the will;

(2) that the language of the will was too indefinite and uncertain in subject matter of the alleged trust to permit execution thereof; and (3) that in the will defendants were devised and bequeathed an absolute title; paragraph six thereof on which plaintiffs rely, involving matters for discretionary action by defendant trustees and not enforceable.

Brooks Mays died August 8, 1940; the will reciting that "Some parts of my property is in the status of business conducted at Dallas, at Houston and at other places * * *." The various businesses maintained a large number of employees including plaintiffs, his estate aggregating some $750,000 at time of death. He had a brother, Leonard, to whom he had given money at various intervals during his lifetime; and remembered in his will to the extent of charging the entire estate disposed of with payment to Leonard of $200 per month for life, in addition to the provision of a home. Testator remembered no other relatives, and, with the exception of a few modest bequests to charity and other named individuals, left the whole of his estate in fee simple to appellees, the four employees denominated in said will as executors and trustees.

The claim of plaintiffs as beneficiaries under said will is based on paragraph 6 thereof, reading: "I direct my trustees hereinabove named to pay to each present employee, that is to each employee who is employed at the time of my death, such sum as in the discretion of the trustees shall be a proper amount, considered from the standpoint of the time that the person has been in my employ, and the value of the person to the business and the ability of the business to stand such gift." Other provisions of the will, pertinent to the instant controversy, are quoted: (Par. 2) "I give, devise and bequeath unto said above named executors and trustees, with instructions as hereinafter set out, all property, real, personal and mixed of which I may die seized or possessed, and direct that same be managed, controlled and disposed of as hereinafter directed." Paragraph 4 provides for gifts in definite amounts to certain persons and institutions, also for financial assistance to named persons. (Par. 8) "The entire properties are to be distributed at the end of twenty years from my death, or at the time of death of Leonard Mays, whichever shall occur sooner. Provided in no event shall any summary sale be made at sacrifice prices." (Par. 9) "The entire compensation of the trustees shall be five per cent on the income of the properties which they shall manage, and the right to receive the corpus when and as the distribution shall be made. I direct that when and as distribution is made, the corpus of the property remaining after the payment of the above legacies and charges shall be divided among and between the following named persons in the percentages set opposite each ' name. J. P. Witherspoon 25 percent; Neel Warfield 25 per cent; Walter Langley 25 percent; L. W. McCarley 25 percent."

It is the main argument of appellants that the words (par. 6) "I direct my trustees to pay to each present employee" are mandatory in character and not merely expressive of a wish or desire that may be ignored by the trustees in favor of their own rights as residuary legatees.

There is no set rule by which it may be determined whether a precatory trust has been created, aside from the general formula that (1) the words of the testator must be construed as imperative; (2) the subject to which the obligation relates must be certain; and (3) the intended beneficiaries must be certain. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412. But, as stated in 49 A.L.R.Annotations, pp. 39–42, "It is just as essential to the creation of a valid precatory trust that there should be certainty of objects and certainty of subject-matter as it is that the words in which the intention is expressed should be imperative. Uncertainty or vagueness as to the objects of the expressed wish or request, or as to the subject-matter upon which it is to operate, has therefore been taken as indicative of an intention merely to suggest a course of conduct to the donee, rather than to impose an obligation." Pomeroy Eq.Jur. Vol. 3 (Fifth Ed.) Sec. 1009, says: "The declaration of trust, whether written or oral, must be reasonably cer-

tain in its material terms; and this requisite of certainty includes the subject-matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interests which they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail." The holdings of our own courts have been well in accord with the above announced principles, as seen from 42 Tex.Jur., p. 621: "In former times courts of equity were inclined to construe any precatory words as creating a trust, but the rule now followed is that the donor's language will not be so construed where the objects of the asserted trust are uncertain, where the property to be affected with the asserted trust is not defined, where the person to whom the settler's wish is addressed has a clear discretion to act as he thinks fit, or where the words vesting ownership in the donee are absolute and irreconcilable with the suggestion that the donor intended some limitation on such ownership." "Wherever a clear discretion or choice to act or not to act is given, wherever the prior dispositions of the property import absolute uncontrollable ownership, wherever the trustees have an option to withdraw funds from the purposes of the trust and apply them in their discretion, the court cannot execute a trust." Booth v. Krug, 368 Ill. 487, 14 N.E.2d 645, 117 A.L.R. 1193.

In Weller v. Weller, 22 Tex.Civ.App. 247, 54 S.W. 652, 653, the will of August Weller vested fee simple title in his wife "To have and to hold in her own use and benefit until my heirs become of age, and for her to divide equally the amount due to each that she, in her judgment, shall be entitled to, * * *." The opinion of the Galveston Court cites from Hill v. Page, Tenn.Sup., 36 S.W. 735, 741, viz.: " 'To create a trust, and make precatory words in a will operate as a trust, it must be clear that the estate vested in the first taker is not absolute, nor the disposition thereof unrestricted; that the subject of the request or the devise is certain, and the trust certain and definite; and, further, that the language used, as gathered from the whole context, is intended to be imperative and controlling, and not a mere matter of discretion.' " "Applying these principles to the language under consideration (concludes Judge Pleasants), we think it clear no trust was created, and the words are merely a request of the testator, compliance with which was left to the discretion of Mrs. Weller." The Weller appeal is cited with approval in the more recent case of Ricketts v. Alliance Life Ins. Co., Tex.Civ. App., 135 S.W.2d 725.

Applying, in turn, the foregoing principles to paragraph 6 of this will, it is obvious that the bequest, in sums and subject matter, is wholly conjectural, unless aided by the trustees in their discretion, and hence unenforceable by a court of equity. In other words, the provision upon which appellants rely is so largely conditioned upon the exercise of discretion on part of appellees as to be incapable of execution without invading or superseding that discretion, which a court cannot do. See 49 A.L.R.Annotations, p. 10; 70 A.L.R. 326; 107 A.L.R. 896.

Furthermore, the provision under consideration makes discretionary the "proper amount" to be paid; also being conditioned on "value of the person to the business," and the ability of the business "to stand such gift"; the words last quoted indicating that the amounts envisaged under such bequest are not to be paid from an estate under liquidation, but out of business revenues or profits.

The moral obligation devolving upon appellees is indeed strong; but the difficulties confronting these trustees in attempting a workable plan administrative of paragraph 6 were known only to them and were for their solution alone. It is our conclusion that, upon consideration of the will as a whole, the provision relied on by appellants lacked the requisites necessary to the establishment of a precatory trust, and the judgment appealed from must be in all respects affirmed.