## PRITCHETT et al. v. BADGETT.

### No. 4917.

Court of Civil Appeals of Texas. El Paso.
April 15, 1953.

Rehearing Denied May 6, 1953.

Dell & Perry Barber, Colorado City, for appellants.

Greenlees, Rodgers & Adams, Big Spring, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Martin County. John

Badgett, as devisee under the will of W. H. Badgett, deceased, sued J. C. Pritchett, W. W. Jenkins and others for construction of the will of W. H. Badgett, deceased, which had theretofore been duly probated. The clause in question was as follows:

"I give and bequeath to my son, John Badgett, in fee simple all of Section 3, and the Southwest ¼ of Section 1, in Block 38, Twp. 1–N, Martin County, Texas, subject to the following limitations: Said John Badgett shall not be permitted to sell said land nor encumber same for a period of twenty (20) years unless joined by the executors hereinafter named, or either of them that might be surviving. This limitation, however, shall in no manner restrain the said John Badgett from leasing said land for oil, gas or any other mineral development."

The contention of plaintiff John Badgett was that the restriction of his power to sell or mortgage for a period of twenty years without the joinder of Pritchett and Jenkins was void; the contention of defendants that same was in all respects valid. The trial court entered judgment in favor of John Badgett, decreeing that he was vested with and holds fee simple title in and to said lands, and the cloud resulting from the attempted restriction and limitation upon the right and power of alienation was removed and cancelled. Defendants Pritchett and Jenkins and Jim Badgett excepted and gave notice of appeal.

On the request of appealing defendants the court made findings of fact and conclusions of law. The findings of fact were in substance that W. H. Badgett, deceased, made and executed the will in question and same was duly probated; that John Badgett, plaintiff, had attempted to obtain approval of the coexecutors for a loan to enable him to put down one or more irrigation wells on his land, that the executors refused to join in the deed of trust on the land. The conclusions of law were the will of the deceased Badgett devised to his son John full fee simple estate in and to the land described in the fourth paragraph of the will; that the attempted restraint and limitation upon alienation was and is re-

pugnant to the fee simple estate specifically devised, and is therefore void; that the co-executors have no trust powers, not being designated as trustees, nor given possession of the land nor control of the rents, profits and revenues for the benefit of any cestui que trust; that plaintiff took the land and fee without any restraint or restriction whatever.

In the construction of a will the intent of the testator should be declared, and if legal, enforced. Bell County v. Alexander, 22 Tex. 350, 351; Laval v. Staffel, 64 Tex. 370, 372; Haring v. Shelton, 103 Tex. 10, 11, 122 S.W. 13.

In respect to the construction of a will, Art. 1291 V.A.C.S., as to a grant or devise provides as follows:

"Every estate in lands which shall thereafter (hereafter) be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

In the case of Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160, it is said in substance that if in the will there considered a fee simple estate was conveyed a provision that the devisee shall not sell is clearly void.

In the instant case it is contended that the legal title is vested in Pritchett and Jenkins, the coexecutors. If this be so, the trust must be implied from the fact that John Badgett would not have power to mortgage or convey during the twenty years limited in the will, unless joined by Pritchett and Jenkins. There are no words of devise of legal title. The language in the quoted clause of the will clearly and implicitly vests the fee simple title in John Badgett. There is no other language in the will that would modify this intention. It is

elementary that if it does not clearly appear from the language of the will that a less estate was intended to be created the devise will be deemed to be in fee simple. May v. San Antonio & A. P. Town-Site Co., 83 Tex. 502, 18 S.W. 959; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Diamond v. Rotan, 58 Tex.Civ.App. 263, 124 S.W. 196; Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149, 150.

In Frame v. Whitaker, supra, the clause in the will was as follows:

"I give, devise and bequeath to my wife, Mrs. S. S. Frame, my farm located in Bexar County, Texas, and consisting of about 331 acres located on the Medina River and known as a part of the old Stanfield Farm to be used by her during the term of her natural life, but she shall not sell or dispose of the same in any way during her life time, provided however that she may dispose of the same by will to whom-soever she may desire * * *."

It was held Mrs. Frame received a fee simple title. We believe that case is controlling here. In the course of the opinion in Frame v. Whitaker, supra, Mr. Commissioner Ryan said:

"We hold simply that in this case, when the will is viewed and considered from every angle, it indicates the purpose and intent on the testator's part to devise the land to his wife, and then restrict her right of alienation, and that such clause of restriction is void."

This opinion was expressly adopted by the Supreme Court.

The learned trial court was correct in holding the provisions requiring the joinder of the coexecutors was void as repugnant to the grant. There is absent from the will the expression of any intention to vest a legal title in the coexecutors. It is ordered that the judgment of the trial court be in all things affirmed.