**Neta May HANSEN, Executrix of the Estate of Otto H. Hansen, Deceased, Appellant,**

v.

**Richard P. VINAL, Appellee.**

**No. 19352.**

United States Court of Appeals
Eighth Circuit.

July 23, 1969.

Edgar R. Geesaman, of Fitzgerald, Brown, Leahy, McGill & Strom, Omaha, Neb., for appellant.

Chester C. Davenport, Atty., Dept. of Justice, Tax Div., Washington, D. C., for

appellee; Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Tax Div., Washington, D. C., and Theodore L. Richling, U. S. Atty., Omaha, Neb., on the brief.

Before GIBSON, LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The sole issue on this appeal is whether the District Court erred in holding that the decedent's estate failed to qualify for the marital deduction allowed by Section 2056, Internal Revenue Code, 1954, because the property interest passing from decedent to his wife was a terminable interest.

The case was tried to the court upon an agreed stipulation of facts and exhibits summarized by the trial court as follows:

"Otto H. Hansen died testate on June 27, 1962. His Last Will and Testament was presented to the County Court of Knox County, Nebraska on July 2, 1962, and was admitted to probate on August 3rd of that year. Included among the assets of the estate were parcels of real estate located in South Dakota and Colorado, and ancillary proceedings were granted in the proper counties of each of these states. Plaintiff, the widow of the decedent and executrix of his estate, filed a Federal Estate Tax Return on September 9, 1963, and paid the tax which she had computed to be due. The Commissioner of Internal Revenue subsequently disallowed certain amounts claimed as a marital deduction. Plaintiff paid the additional amounts assessed, filed her claim for refund, and when the claim was not allowed, brought this action."

The decedent's will provides in part:

"2. The first to die does hereby give, devise and bequeath unto the survivor all of his or her property of every kind and nature, both real and personal, to be the absolute property of such survivor for all intents and purposes.

*   *   *   *   *   *

"4. In the event that we the joint makers of this will should be taken from this life at or about the same time, or in the event the survivor should not live long enough to probate the will of the first to die, then and in that event, we the joint makers hereof make the following disposition of all our joint and separate property."

The Commissioner successfully argued below that the interest passing to the decedent's widow was a terminable interest within the meaning of Section 2056. Section 2056 provides, in part, as follows:

"(b) *Limitation in case of life estate or other terminable interest.—*

"(1) *General rule.—*Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

*   *   *   *   *   *

"(3) *Interest of spouse conditional on survival for limited period.—*For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

"(A) Such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

"(B) Such termination or failure does not in fact occur."

The trial court found that the decedent had clearly and validly conditioned his grant to his wife upon her survival for a period of time after his death. The operative language of the will creating this condition was that the

survivor, Mrs. Hansen, "should live long enough to probate the will."

The trial court found that while the event of probate might occur within six months of the decedent's death, it need not necessarily occur within six months, and, therefore, the grant failed to qualify for the marital deduction allowed by Section 2056.

The widow contended below and contends here that the interest passed by her husband was unconditional and vested indefeasibly at his death. In the alternative, she contends that if the grant was conditional, the condition was not the occurrence of an event but was rather the passage of a period of time which was within the six month limitation. Neither contention can be sustained.

■■ While the nature of the interest passed is determined by state law,[1] and while the applicable state laws favor early and indefeasible vesting of estates, each state recognizes the validity of an estate subject to a condition.[2] A condition was imposed here—that the survivor live long enough to probate the will of the first to die. This condition can only be fulfilled by a judicial act—a determination by the proper court that the instrument offered is the validly executed last will and testament of the deceased.[3]

■ Mrs. Hansen contends that the condition violates the public policy of the states which favor the early indefeasible vesting of estates. She argues that since the trial court found by implication that the event of probate may never occur, the status of the title to the real estate would remain unresolved at least until her death. Such a result would be contrary to public policy and the testator's intent.

In our view, the trial court correctly concluded that the condition was not violative of state public policy nor the testator's intent.

The statutory law of Nebraska requires that the will of a deceased person be filed, by the custodian or executor of the will within thirty days of the testator's death or within thirty days after a person learns he has been named executor if he obtains such knowledge after the testator's death, under pain of criminal liability. Revised Statutes of Nebraska, 1943, Reissue 1964, §§ 30–213–216.[4] We must presume that these laws

1. United States v. First Nat. Trust & Sav. Bank of San Diego, 335 F.2d 107, 112–113 (9th Cir. 1964).

2. Kellar v. Kasper, 138 F.Supp. 738 (S.D. 1956); Burden v. Colorado National Bank, 116 Colo. 111, 179 P.2d 267 (1947); In re Carr's Estate, 173 Neb. 189, 112 N.W.2d 786 (1962); Ingraham v. Ingraham, 145 Neb. 330, 16 N.W.2d 445 (1944); In re Havsgaard's Estate, 59 S.D. 26, 238 N.W. 130 (1931).

3. The stipulation of the parties provides: "In the State of Nebraska it is possible for a Will to take more than six months to probate and such has occurred. As used in this paragraph, 'probate' means only the proof before an officer authorized by law that the Will offered to be proved or recorded is the Last Will and Testament of the deceased person whose testamentary act it is alleged to be, and that such Will complies with all the legal requirements needed to establish its validity."

An examination of Nebraska law convinces us that the term "probate" means a judicial act, i. e., a determination by the proper court that the instrument offered is the validly executed last will and testament of the deceased. See, Revised Statutes of Nebraska, 1943, Reissue 1964, §§ 30–213.01, 30–217, 30–220 et seq. In re Applegate's Estate, 166 Neb. 432, 89 N.W.2d 233 (1958); In re Renter's Estate, 148 Neb. 776, 29 N.W. 2d 466 (1947); Higgins v. Vandeveer, 85 Neb. 89, 122 N.W. 843 (1909); Petit v. Black, 13 Neb. 142, 12 N.W. 841 (1882). "The word 'probate' * * * implies a judicial determination. 'A probate is a judicial act of a court having competent jurisdiction.' Stevens' Executors v. Smart, 4 N.C. 83." In re Connell's Will, 221 N.Y. 190, 116 N.E. 986 (1917).

4. The laws of Colorado and South Dakota also contain provisions requiring the production of a will following death and

will be complied with and that the instrument will be delivered to the court. When this has been done, the court will make a prompt judicial determination as to whether or not the instrument is the last will and testament of the deceased.

The only circumstance which could reasonably be expected to delay or prevent the indefeasible vesting is a contest of the will—an event that can and does occur whether a devise is subject to a condition or not.

■ The appellant's contention that the second clause "or in the event the survivor should not live long enough to probate the will of the first to die" relates back to the first clause (common disaster), "In the event we the joint makers of this will should be taken from this life at or about the same time," must be answered in the negative.[5]

Mrs. Hansen apparently contends that the second clause merely places a time limitation within which the second death resulting from a common disaster must occur in order to be considered a death resulting from a common disaster. If paragraph four is construed in this manner, it is only operative to condition the grant when there is a common disaster. Since a common disaster did not occur, paragraph four does not condition the estate granted Mrs. Hansen in paragraph two. Thus, she would be entitled to the marital deduction allowed under Section 2056.

We cannot accept this construction. We hold that the second clause does not modify the first clause. The two clauses are used in the disjunctive. The only reasonable construction which can be given paragraph four is that the testator intended to qualify for the marital deduction allowed under Section 2056(b) (3) by providing for the death of both spouses as a result of a common disaster through the first clause and by providing for the successive death of both spouses within a limited period of time through the second clause.

Was the conditional estate passed by the testator a terminable interest within the meaning of Section 2056?

The trial court held that the grant by testator to his widow was a terminable interest within the meaning of Section 2056 and that the interest was not within the exception provided for by Section 2056(b) (3).

Mrs. Hansen contends that because probate normally takes place within six months, the exception provided by Section 2056(b) (3) is applicable to save the marital deduction. She argues that Nebraska requires that the will be filed within thirty days of death and that the event of probate actually occurred within six months.

■ The determination of whether the interest granted by the testator is terminable must be judged as of the moment of the testator's death.

■ The testator did not condition his grant on the passage of the time usually necessary to probate a will. He conditioned the grant on the passage of a period of time to be measured by the event of probate. At the time of the testator's death, it could not be stated that the event of probate would, if it occurred at all, take place within six months of the testator's death. The will could, as we have previously noted, be contested and the contest might delay the event of probate beyond six months. Thus, the exception is not available.

■ Mrs. Hansen argues finally that the testator stated not that his widow live until the event of probate but that she live "long enough to probate the will of the first to die." She contends that the testator intended not that she live until occurrence of the actual probate of this will but rather that she live a long enough period of time in which a will could be probated; a period of time

imposing penalties for failing to obey the law. C.S.A. § 153–5–13 *et seq.*, and S.D. Code § 35.0201 *et seq.*

5. See, Bookwalter v. Lamar, 323 F.2d 664, 666–667 (8th Cir. 1963), construing a somewhat similar clause.

measured apart from actual events. Thus, as thirty to sixty days is normally enough time to probate a will and this period is shorter than six months, the exception should be applicable.

We cannot accept this reasoning. It is clear that the testator intended that his wife must live until the actual event of the probate of his will. He did not state the limitation as an abstract time period—long enough to probate a will—but rather he particularized the time period to the probate of his will—the will of the first to die. While thirty to sixty days may be enough time to probate a will, it is not necessarily enough time to probate this will.

The result we reach may be harsh, but it is required by the statute.[6] In Allen v. United States, 359 F.2d 151 (2d Cir. 1966), the Court put the matter quite precisely:

"When Congress sought to equalize the tax burdens of estates in community property and common law jurisdictions by utilizing the device of the marital deduction as modified by the terminable interest rule, it chose a technique which required the draftsmen of testamentary instruments to be meticulous in adhering to the formal requirements of section 2056. And, while the terminable interest rule is, indeed, a thicket, the Congressional purpose in disqualifying terminable bequests was certainly not to elevate form above substance. It was, instead, to prevent the wholesale evasion of estate taxes which the skillful employment of terminable interests could have easily achieved. For example, but for the terminable interest rule, a husband in a common law jurisdiction could bequeath a life interest in property to his wife which could qualify for the marital deduction and thus neither be taxed in his nor in her estate. Although the terminable interest rule is aimed primarily at preventing such results, see Sugarman, Estate and Gift Tax Equalization, 36 Calif.L.Rev. 223, 230–231, 236–238 (1948), it nevertheless does, at times, ensnare bequests which were designed to accomplish objectives other than the avoidance of estate taxation. For this reason, the Supreme Court has observed, in its most recent pronouncement on the terminable interest rule, that '[t]he achievement of the purposes of the marital deduction [remains] . . . dependent to a great degree upon the careful drafting of wills.' Jackson v. United States, 376 U.S. 503, 511, 84 S.Ct. 869, 873, 11 L.Ed.2d 871 (1963)."

*Id.* at 153–154.

Affirmed.

---

6. See, Estate of William David Frederick, 31 P–H Tax Ct.Mem. 535 (1962).