Katharine Harman ZINT et al., as natural guardian and next friend of Kenneth Edward Harman, a minor, Appellants,

v.

Edward Farrar CROFTON, Jr., Appellee.

No. 8838.

Court of Civil Appeals of Texas, Amarillo.

Dec. 27, 1977.

Rehearing Denied Feb. 27, 1978, With Opinion and Amended Motion for Rehearing Denied.

Chitwood, Riley & Snyder, Inc., Dallas, Stokes, Carnahan & Fields, O. P. Fields, Amarillo, for appellants.

Culton, Morgan, Britain & White, L. A. White, Amarillo, for appellee.

DODSON, Justice.

Plaintiffs Katharine Harman Zint, Carolyn Harman, Cecilia Harman and Kenneth B. Harman, as guardian of the person and estate of Kenneth Edward Harman, a minor, brought this action in the trial court against the defendant, Edward Farrar Crofton, Jr., individually and as executor of the estate of Luline S. Crofton, deceased, for construction of the decedent's last will and testament. The trial court, without a jury, determined that certain "personal instructions" in the will were precatory and entered a take-nothing judgment against the plaintiffs and thereby denied any further requested relief. From this judgment, plaintiffs appeal to this court. We affirm the judgment of the trial court.

The pertinent facts are these:

(1) Luline S. Crofton died in Amarillo, Potter County, Texas on August 1, 1970, leaving a written will dated May 18, 1966.

(2) Two children were born to Luline S. Crofton during her lifetime. They were Edward Farrar Crofton, Jr., the defendant in this action, and Margaret C. Harman, who predeceased Luline S. Crofton, and left surviving her four children, who are the plaintiffs herein.

(3) This will was admitted to probate on August 24, 1970 and Edward Farrar Crofton, Jr., was appointed executor of the estate. He qualified and letters testamentary were issued.

(4) On December 1, 1971 the plaintiffs filed a will contest to set aside such will and such probate upon the grounds of undue influence and mental incapacity. This contest of the will ended by an order entered December 11, 1972, wherein all of the plaintiffs' allegations were overruled and the probate confirmed.

(5) The estate of Luline S. Crofton consists of both real, personal and mixed properties.

(6) The pertinent paragraphs of the will are as follows:

SECOND:

*After the payments of my just debts, I hereby will, bequeath and devise all of the residue of my property and estate, real, personal or mixed, wherever found or located, that I may die seized of or to which I may be entitled at my demise, to my beloved son, Edward Farrar Crofton, Jr., with personal instructions to him for my four grandchildren. In the event, however, that my son Edward Farrar Crofton, Jr., predeceases me or passes away before the final distribution of my estate, then in that event, I will one-half of said residue to my beloved daughter-in-law, Mrs. Bettie Crofton, wife of Edward Farrar Crofton, Jr., and the remaining one-half to my four grandchildren, Katharine Harman, Carolyn Harman, Cecilia Ann Harman and Kenneth Edward Harman, share and share alike. (Emphasis added.)*

and

THIRD:

*My beloved daughter, Margaret C. Harman, departed this life leaving four children, namely, Katharine Harman, Carolyn Harman, Cecilia Ann Harman and Kenneth Edward Harman, all minors, and instead of creating a trust herein for my four grandchildren, I have given instructions to my beloved son and*

heir, Edward Farrar Crofton, Jr. as to the inheritance that my grandchildren are to receive and I know full well that he will carry out my instructions and that he will see that my grandchildren are well provided for and are given every opportunity to secure the greatest advantages in higher education.

This case was submitted to the trial court on a document entitled "Agreed Testimony and Statement of Facts." The trial court made no additional finding of facts nor conclusions of law other than those stated in the judgment and no others were requested by the parties.

The plaintiffs bring four points of error complaining of the judgment entered in the trial court. These points are as follows:

Point One—The trial court erroneously construed the will of Luline S. Crofton in holding that the provisions of the third paragraph of said will, where Luline S. Crofton described an oral trust outside the terms of her will, were purely *precatory* and could be disregarded.

Point Two—The trial court erred in failing to render declaratory judgment as to the effect that the will of Luline S. Crofton was inoperative to pass the title of her property and that plaintiffs who are children of her deceased daughter were entitled to one-half of her estate under the laws of descent and distribution.

Point Three—The trial court erred in construing the will of Luline S. Crofton so as to disinherit her grandchildren by a deceased daughter, where the terms of her will plainly show a clear attempt to provide for said grandchildren by an unenforceable oral trust outside the terms of the will.

Point Four—The trial court erred in holding that Edward Farrar Crofton, Jr., was entitled to the entire estate of Luline S. Crofton under her will in fee simple, because Edward Farrar Crofton, Jr., expressly recognizes in the agreed statement of facts that he is bound by an oral trust for the benefit of the grandchildren of the testatrix.

Thus, we must determine whether Luline S. Crofton, deceased, intended to die testate by her last will and testament and thereby devise all of the residue of her property to her son Edward Farrar Crofton, Jr., in fee simple absolute, without legal limitations or whether by making reference to "personal instructions" to her son in regard to her named grandchildren, she destroyed her testamentary intent to die testate as to her property.

The plaintiffs contend, among other things, under these points and in their supporting briefs, that reference to "personal instructions" in the second and third paragraphs of the will show an intent to create an oral trust outside the will for the use and benefit of her four named grandchildren; that the such oral trust fails in the absence of proper written instructions incorporated by reference or otherwise into the will; that such attempt to create an oral trust outside the will and its resulting failure destroys Luline S. Crofton's testamentary intent to die testate, causing the failure of the will. This would result in the testatrix dying intestate and the plaintiffs would take one-half of the residue property of the decedent. We do not agree.

The proper function of the court, in construing wills, is stated in 80 Am.Jur.2d, Wills, § 1128 as follows:

It is the primary function and duty of the courts, with respect to the construction of wills, *to ascertain the intention of the testator as to the disposition of his property, and, if legal, to carry it into effect.* The *duty of the court* is to *interpret* the will, *not to construct it or make a new one,* and if the testator has clearly expressed one intention, the court cannot impute to him another. Where there is no ambiguity in the will, judicial construction is not required. *Consequently, the court has no power to piece out, take from, or modify* the instrument before it *in order to make it conform* to the opinion of the individual judge as *to an equitable distribution of the testator's property. In other words, courts may not make a mere conjecture as to the testator's intention, substitute their discretion for*

*his, or build up a scheme for the purpose of carrying out what might be thought was or would be in accordance with his wishes. A will cannot be changed by the court against its true intent and meaning, even though the interested parties are agreeable to the change.* Courts may and should, however, where the intention of the testator is plain, go to the uttermost limits of construction in order to discover such intention, as expressed in the language used. (Emphasis added.)

With these general principles in mind we turn to the established rules of construction to determine the issues presented in this case.

■ In construing wills, there is a positive presumption against intestacy and the mere fact that the testatrix made a will is evidence of an intent not to die intestate. In *Wenzel v. Menchaca*, 354 S.W.2d 635 (Tex.Civ.App.—El Paso 1962, writ ref'd n. r. e.) the court stated:

*There is a positive presumption against intestacy. Where a will is ambiguous or is open to two reasonable constructions, it will be given that construction which will prevent intestacy. The mere fact that the testatrix made a will at all is evidence of an intent not to die intestate. Urban v. Fossati*, 266 S.W.2d 397 (Civ.App.); *Ferguson v. Ferguson*, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. (Emphasis added.)

Also, to the same effect are *Kuehn v. Bremer*, 132 S.W.2d 295 (Tex.Civ.App.—Waco 1939, writ ref'd) and *Kostroun v. Plsek*, 15 S.W.2d 220 (Tex.Comm'n App.1929, jdgmt adopted).

Also, in *Pritchett v. Badgett*, 257 S.W.2d 776 (Tex.Civ.App.—El Paso 1953, writ ref'd) the court said:

In the construction of a will the intent of the testator should be declared, and if legal, enforced. *Bell County v. Alexander*, 22 Tex. 350, 351; *Laval v. Staffel*, 64 Tex. 370, 372; *Haring v. Shelton*, 103 Tex. 10, 11, 122 S.W. 13.

Unquestionably, Luline S. Crofton intended to die testate and dispose of *all* her residue property; otherwise she had no reason to make a written will.

The second paragraph of this will as quoted above indicates a clear intent by Luline S. Crofton, deceased, to devise all of the residue property in fee simple absolute to her son Edward Farrar Crofton, Jr., if he survives her. The second sentence of this paragraph supports this conclusion, because Mrs. Crofton specified a different disposition of *all* of the residue property in the event that Edward Farrar Crofton, Jr., should predecease her. Had her intent been otherwise, then there is no logical or reasonable explanation for such second sentence of the second paragraph.

■ This conclusion is further supported by the rule stated in *Roberts v. Drake*, 380 S.W.2d 657, 660 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.) as follows:

If it does not *clearly appear* from the language of the will that a less estate was intended to be created the devise will be deemed to be a fee simple. *Pritchett v. Badgett*, Tex.Civ.App., 257 S.W.2d 776, wr. ref. *In this connection the rule that every part of a will must be given effect, if possible, is subordinate to the rule that a devise shall be deemed a fee simple*, unless limited by express words. *Winfree v. Winfree*, Tex.Civ.App., 139 S.W. 36, wr. ref.

It is the duty of a court not only to construe the will as creating a vested estate, if possible, *but also to adopt the construction which will permit the earliest vesting of title in the first taker.* In the event of *repugnancy, that construction is favored which admits of immediate vesting* of the entire estate; *and when the will, fairly construed, leaves the question in doubt, the doubt will be resolved in favor of the vesting of the title at the earliest possible moment, so as to . . .* uphold the will. 44 Tex.Jur. 737–738, § 172; *Jones' Unknown Heirs v. Dorchester*, Tex.Civ.App., 224 S.W. 596; *Feegles v. Slaughter*, Tex.Civ.App., 182 S.W. 10, err. ref.; *Anderson v. Menefee*, Tex.Civ.App., 174 S.W. 904, err. ref. (Emphasis added.)

Under this so-called "first taker" rule the law favors the construction of the will which provides the vesting of the greatest or largest estate possible in the first taker. The presumption prevails that testator intended to make a full disposition of all of his property, and the will should be construed to prevent full or partial intestacy. *Rogers v. Nixon*, 275 S.W.2d 197 (Tex.Civ. App.—San Antonio 1955, writ ref'd). To the same effect is *McDowell v. Harris*, 107 S.W.2d 647 (Tex.Civ.App.—Dallas 1937, writ dism'd).

Also, the court in *Wenzel v. Menchaca, supra,* further stated:

> The law favors the *vesting of estates,* and *it is the duty of a court* to so construe a will *where the language of the will is susceptible to such construction.* Under the statute (Article 1291, Vernon's Annotated Texas Civil Statutes), every estate in lands granted, conveyed or devised to one " * * * *shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law.*" (Emphasis added.) ·

and the court further stated:

> *Language which does not clearly limit or reduce the fee estate* deemed to have been devised, *and* which *at best is uncertain* and *ambiguous in its meaning, cannot serve to disturb, cut down or diminish a fee simple estate* otherwise clearly devised. (Emphasis added.)

These court adopted rules of construction apply with equal importance to devisees of both real and personal properties. *Moody v. Moody National Bank of Galveston*, 522 S.W.2d 710 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.).

■ We conclude that the reference to "personal instructions" at the end of the first sentence in the second paragraph and the third paragraph of the will of Luline S. Crofton, deceased, does not clearly limit or reduce the fee simple estate devised to Edward Farrar Crofton, Jr., in the first part of the first sentence of the second paragraph. At best such language is uncertain and ambiguous in its meaning and cannot legally serve to disturb, cut down, or diminish the fee simple estate devised to the defendant. *See* 57 Tex.Jur.2d Trusts §§ 27, 28; *Byars v. Byars*, 143 Tex. 10, 182 S.W.2d 363 (1944) and *Rich v. Witherspoon*, 208 S.W.2d 674 (Tex.Civ.App.—Waco 1948, no writ) in addition to the above cited authorities. Likewise, such language does not destroy the testamentary intent of Luline S. Crofton, deceased, to die testate and to dispose of all of her property by the will. Had she intended to limit the estate to her son to less than a fee simple estate by creating an express trust, or even by attempting to express an oral trust outside the will, it would have been a very simple matter to so state explicitly. Instead, the language of the will specifically disavows an intent to create a trust.

Plaintiffs in their briefs rely on *Heidenheimer v. Bauman*, 84 Tex. 174, 19 S.W. 382 (1892) and *Ray v. Fowler*, 144 S.W.2d 665 (Tex.Civ.App.—El Paso 1940, writ dism'd jdgmt cor.). In each of these cases the testator expressed a specific intent to create a trust; however, the language used in each instance was held ineffective to accomplish the trust. As we said above, in the case before us, Luline S. Crofton, deceased, by express terms of the will disavows an intent to create a trust for her grandchildren. Thus, we do not consider plaintiffs' cited authorities controlling on the issues before the court in this case.

■ Plaintiffs complain in their fourth point of error that the trial court erred in holding that the defendant was entitled to the entire estate in fee simple because the defendant expressly recognizes in the agreed statement of facts that he is bound by an oral trust for the benefit of the grandchildren of the testatrix. The complaint is made in reliance on the defendant's statement in the document entitled "Agreed Testimony and Statement of Facts" presented to the trial court as follows:

> EDWARD FARRAR CROFTON, JR., the surviving son of LULINE S. CROFTON, claims that the will of LULINE S.

CROFTON passes the legal title to him to all of the property in the estate, individually and as Trustee, being charged as Trustee to carry out the instructions given to him by LULINE S. CROFTON and referred to in Paragraph Third of such will.

We consider this statement of opinion to be no more than an indication of intent on the part of the defendant to morally follow the personal and precatory wishes contained in the will with regard to the grandchildren. We do not construe the statement as an agreement to attempt to destroy the testamentary intent of the testatrix or as an agreement to effectuate a different disposition of the property of the estate. The assertion or claim is not followed by overt actions such as disclaimer or renunciation to take all or any part of the property of the estate in compliance with section 37A of the Texas Probate Code. Indeed, by brief and oral argument in this court, the defendant contends for an affirmation of the trial court judgment.

■ Even a legatee's contention for a construction of a will against his interest does not warrant its adoption by the court. *Union & New Haven Trust Company v. Sellek*, 128 Conn. 566, 24 A.2d 485, 140 A.L.R. 837. As stated in *In re Harries' Will*, 206 N.Y.S.2d 15, "[p]erformance of precatory language occurs as a matter of conscience only, and the testator accepts all risk of compliance or non-compliance." We determine that the claim and assertion of the defendant legally amounts to no more than an expression of his conscience and intent to morally comply with the precatory language in the will.

We have reviewed the record in this case, the briefs, the respective contentions of the parties and particularly all of the provisions of the will. We conclude that the plaintiffs' four points of error should be overruled. The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

By Amended Motion for Rehearing, we are again asked to declare the last will and testament of Luline S. Crofton insufficient to pass fee simple title to her property to her son Edward Farrar Crofton. The appellants contend the language used in Mrs. Crofton's will clearly establishes that she intended to create a trust outside the will for her grandchildren, that the trust fails for imperfection and therefore Mrs. Crofton's property passes by the law of descent and distribution rather than by the will.

In support of the position, they rely on *Heidenheimer v. Bauman*, 84 Tex. 174, 19 S.W. 382 (1892) and *Ray v. Fowler*, 144 S.W.2d 665 (Tex.Civ.App.—El Paso 1940, writ dism'd judgmt cor.). In contrast to Mrs. Crofton's will, the wills in *Heidenheimer* and *Ray* clearly indicated each testator's desire to create a trust. The *Heidenheimer* will stated that a trust was being established while *Ray* named a trustee. On the other hand, Mrs. Crofton's will declared that it did not create a trust.

■ Therefore, we conclude the personal instructions and other language with reference to the grandchildren were no more than words of expectation, which were not intended to impose a mandatory or preemptory obligation on Edward Farrar Crofton, the devisee of the property. *Byars v. Byars*, 143 Tex. 10, 182 S.W.2d 363 (1944). Thus, we remain convinced that the language of Mrs. Crofton's will granted and devised to her son the fee simple title to her property. *Byars v. Byars, supra; Williams v. Nichols*, 257 S.W.2d 136 (Tex.Civ.App.—San Antonio 1953, writ ref'd); *Rich v. Witherspoon*, 208 S.W.2d 674 (Tex.Civ.App.—Dallas 1948, no writ). *See also* Tex.Rev.Civ.Stat.Ann. art. 1291 (1962).

After considering all matters set out in Appellant's Motion for Rehearing and Appellant's Amended Motion for Rehearing, we adhere to our former disposition of the case. Appellant's Motions for Rehearing are overruled.