Oscar E. REED and Doris E. Reed, Appellants,

v.

Charles B. REED, Charles N. Townsend, Jr., Individually and as co-independent Executors of the Estate of Albert L. Reed, Deceased, Judy Townsend, Meda Reed and Lora Townsend, Individually, and Barbara L. Goodwin-Lantz and Linda Jo Powell, Appellees.

No. 19566.

Court of Civil Appeal of Texas, Dallas.

July 6, 1978.

Rehearing Denied Aug. 18, 1978.

Oscar E. Reed, Houston, for appellants.

Thomas A. Giltner, Lee Shipp, Dallas, for appellees.

AKIN, Justice.

This is a will construction case. Plaintiffs filed a declaratory judgment suit against all interested parties asking the court to construe the will of Albert L. Reed, Deceased, in such a manner that title to a certain duplex located on Westway in Highland Park would vest in plaintiffs and two of the defendants rather than be sold and the proceeds distributed to the residuary beneficiaries. The trial court granted plaintiffs' motion for summary judgment decreeing that title to the Westway property vested in them and the two defendants

named in paragraph 2 of the will. Two residuary beneficiaries appeal. We affirm.

The part of the will in dispute is the following paragraph:

*I give, devise and bequeath* unto Linda Jo Goodwin, Barbara Lee Lantz, nee Goodwin, of Raleigh, North Carolina, Mrs. Judy Townsend, and Charles N. Townsend, Jr., *as tenants in common, each an undivided one-fourth·(¼) interest in the ground and apartment building and other improvements* located at 4400–4402 Westway in the town of Highland Park, Dallas County, Texas, *to use and occupy or rent as they may mutually agree upon and determine.* In the event of disagreement between them as to the use or rental of the said two apartments at 4400 and 4402 Westway, I direct that my *Executors* hereinafter appointed *shall give to each of the said beneficiaries named in subparagraph 2.1* the right to purchase the said two apartments, garage and servant quarters and the land on which they are situated for a consideration my Executor shall deem fair, *the proceeds of any such sale to be divided equally between those beneficiaries whose interest are sold to the purchasing beneficiary.* In the event no such beneficiary is willing to purchase such property at a price determined to be fair by my Executors (the beneficiaries being unable to agree upon the use of such apartments), then I authorize and empower my Executors to sell the same on such terms and conditions and for such price . . . to be made payable to the Executors for the use and benefit of the beneficiaries set forth in Section IV of this will according to their respective ⅛th interest each . . . Any such sale so made by my Executors shall be final and binding upon all beneficiaries under this will. [Emphasis added]

Appellants argue that under this language, title to the Westway property did not vest in the four persons named in this section, but simply gave them the right to use, occupy or rent the premises and that the only way for them to obtain title was to follow the procedure for purchase set forth

in the latter part of this paragraph. We cannot agree. Appellants' contention ignores the words "I give, devise and bequeath" which are words of conveyance. In Texas, the law is clearly established that where it does not appear from the language of a will that a lesser estate was intended to be created, the devise will be deemed a fee simple. *Roberts v. Drake,* 380 S.W.2d 657, 660 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.); *Pritchett v. Badgett,* 257 S.W.2d 776, 777 (Tex.Civ.App.—El Paso 1953, writ ref'd); *Rogers v. Nixon,* 275 S.W.2d 197 (Tex.Civ.App.—San Antonio 1955, writ ref'd); *Zint v. Crofton,* 563 S.W.2d 287 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.). In *Frame v. Whitaker,* 120 Tex. 53, 36 S.W.2d 149, 150 (1931), the supreme court held the following clause to vest fee simple title:

> I give, devise and bequeath to my wife, Mrs. S. F. Frame, my farm located in Bexar County, Texas . . . to be used by her during the term of her natural life, but she shall not sell or dispose of the same in any way during her lifetime, provided, however, that she may dispose of the same by will to whomsoever she may desire . . .

The court reasoned that she received the farm in fee simple because a reading of the will indicated that it was the intent and purpose of the testator to devise the property to his wife and then to restrict her right of alienation, which that court held void. In order for a testator to give a qualified estate, rather than an absolute one, the language of the testator must be such that it clearly states his intention so to do. *Randall v. Estes,* 218 S.W.2d 338 (Tex.Civ.App.—Dallas 1949, writ ref'd n. r. e.).

■ Similarly, in our case the use clause in the will does not limit or reduce the fee simple estate devised to the four co-tenants. The use of such phrases as "use and enjoyment" and "use and benefit" are not generally employed as words of limitation upon the estate given. *Rogers v. Nixon, supra;* *Medlin v. Medlin,* 203 S.W.2d 635, 639 (Tex. Civ.App.—Amarillo 1947, writ ref'd). Indeed, the broad general use clause contained in Albert Reed's will is consistent with the granting of a fee simple estate rather than a lesser estate.

■ Although the language providing that in the event of disagreement as to use the four co-tenants have the right to purchase the property may indicate that they had no vested right in the property until they purchased it, the subsequent provision specifying that in the event of such a purchase the proceeds are to be divided among the beneficiaries whose interests are sold to the purchasing beneficiary is inconsistent with an intent to vest fee simple title in them. If possible, a court should construe a clause to create a vested estate and should adopt that construction which permits the earliest vesting of title in the first taker. *Roberts v. Drake, supra;* *Zint v. Crofton, supra.*

■ The last clause of the paragraph which provides that if none of the parties named in the paragraph purchase the property, the executors have the power to sell it and divide the proceeds among the residuary beneficiaries, is repugnant to the construction that Albert Reed intended to vest fee simple title in Barbara Goodwin-Lantz, Linda Jo Powell and Charles and Judy Townsend. The rule in Texas is that, in the event of repugnancy, that construction which permits immediate vesting of the entire estate is favored and where this is in doubt, the doubt will be resolved in favor of the vesting of title at the earliest possible time. Such a construction avoids a violation of the rule against perpetuities and thus upholds the will. *Roberts v. Drake, supra,* at 660; *Zint v. Crofton, supra,* at 290. Furthermore, where there is an ambiguity as to the limitation attempted or a doubt as to its application, the larger estate will vest. *Roberts v. Nixon, supra.* Consequently, under all the rules of will construction, we hold that the trial court correctly construed the will of Albert L. Reed as vesting fee simple title in Barbara Goodwin-Lantz, Linda Jo Powell, Charles N. Townsend, Jr. and Judy Townsend.

■ Appellants also argue that because two of the tenants-in-common of the duplex

brought a suit seeking a declaratory judgment construing the will, they, as well as the named defendant beneficiaries, forfeited any interest that they were to receive because of the forfeiture clause in the will. Paragraph 6 of the will provides:

> If any *beneficiary* hereunder *shall contest the probate or validity of this will or any provision hereof,* or shall institute or join in any suit (*except as a party defendant*) to contest the validity of this will or to prevent any provisions thereof from being carried out in accordance with its terms, then all such properties or benefits provided for such beneficiary are revoked and all such properties or benefits provided for such beneficiary shall pass to the beneficiaries named in Paragraph IV of this will (other than such beneficiary), share and share alike . . . [Emphasis added]

We cannot agree with this contention. In the first place, the suit brought by plaintiffs was not in the nature of a suit to contest the probate of the will or to question the validity of any part thereof, but was a suit brought to ascertain the testator's intent and to enforce that intent. Such a suit is not an effort to change the testator's intent. *Calvery v. Calvery,* 122 Tex. 204, 55 S.W.2d 527, 530 (1932). Accordingly, we conclude that the forfeiture provision is inapplicable to plaintiffs. With respect to the two defendants who were named as tenants-in-common, the forfeiture provision is inapplicable by its very terms.

Affirmed.

GUITTARD, C. J., not participating.