Margaret M. LEFTWICH, Individually and as Independent Executrix of the Estate of Gus F. Leftwich, Jr., Deceased and Margaret Ann Summers, Appellant,

v.

W. Rey AYERS, Jr. and Charles Kellner, Trustees and Independent Executors, Appellee.

No. A14–83–040CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1983.

John T. Forbis, Williams, Forbis & McCoy, Childress, for appellant.

Ronald W. Kesterson, Baker & Botts, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal is based on a judgment which interpreted the will of Richard L. Ayers, deceased. The action below was instituted by appellees, seeking approval of their final accounts, recovery of fees and expenses and construction of portions of the will. The only contested issue at trial and on appeal was the construction of Section 5 of the will. That section of the will read as follows:

> On the death of my sister, Helen Ayers, and my wife, Leona B. Ayers, whatever remains of said Trust Estate shall pass to and vest in my niece, Marie Ayers of San Francisco, California, and my nephews, Gus S. Leftwich, Jr., of Childress, Texas, David T. Ayers of Birmingham, Michigan, and W. Rey Ayers, Jr., of Galveston, Texas, and the survivors of them, in equal shares.

The trial court interpreted this section to mean that the remainder would be divided between those remaindermen who survived both the testator's wife, Helen Ayers, and his sister, Leona B. Ayers.

Appellants bring one point of error on appeal. They claim that the trial court erred in this interpretation and that the remainder of the trust estate should have been divided between those remaindermen who survived the testator, regardless of whether they survived the life tenants.

Gus S. Leftwich, one of the remaindermen, survived the testator and the testator's wife, but not the testator's sister. The trial court's ruling terminated his interest in the trust. Appellants urge, instead, that his interest vested on the death of Richard L. Ayers, and then passed under the will of Gus Leftwich to his legatees, including Margaret M. Leftwich. We disagree.

The precise issue in this matter is at what point the gift to the surviving remaindermen indefeasibly vested. We hold that the gift did not become indefeasibly vested until the death of the last surviving life tenant.

First, the will itself is unambiguous. As the Texas Supreme Court stated in *Perry v. Hinshaw,* 633 S.W.2d 503, 505 (Tex.1982): "Where the testator's intent is clear, we need not resort to artificial rules of construction." *Arrington v. McDaniel,* 14 S.W.2d 1009, 1011 (Tex.Comm'n App.1929, judgm't adopted). The testator clearly conveyed the time at which the remainder gifts were to vest. He provided that they would *pass and vest* on the death of his sister and his wife. Gus S. Leftwich predeceased Leona B. Ayers, and therefore, failed to survive to the time required to receive an indefeasibly vested remainder. Because no ambiguity exists, we need not go beyond the four corners of the will.

Second, even if the will were ambiguous, the rule in the majority of jurisdictions supports the trial court's construction of the will. Appellants urge us to adopt the minority position because Texas courts generally favor constructions which permit the earliest vesting of title. *See Reed v. Reed,* 569 S.W.2d 645 (Tex.Civ.App.1978, writ ref'd n.r.e.). Although this preference is true, if we were called upon to answer this question we would follow the majority rule that when words of survivorship are used the remainder interest indefeasibly vests at the expiration of the intervening life estate and not at the death of the testator. We overrule appellant's point of error.

Accordingly, we affirm the judgment of the trial court.