ESTATE OF Claudia M. ROBERTSON, Deceased, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 89–7110

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 25, 1990.

Rehearing Denied July 19, 1990.

David Tate, Russell, Tate & Gowan, Wichita Falls, Tex., for plaintiff-appellant.

Gary R. Allen, Chief, Rosemary Schrauth, Richard Farber, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., Marvin Collins, U.S. Atty., Tax Div., Marcy C. Vance, Asst. U.S. Atty., Dallas, Tex., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

This case was originally filed by Ernest Robertson as executor of the estate of Claudia M. Robertson against the United States of America seeking a refund of a tax paid by the estate. The district court entered an order denying the refund upon determining that the Internal Revenue Service had properly disallowed a certain marital deduction. The sole issue presented for our review is whether the bequest from the testatrix, Claudia M. Robertson, to her husband, Ernest Robertson, was a terminable interest under section 2056 of the Internal Revenue Code. If so, the gift cannot qualify as a marital deduction for estate tax purposes. We answer the question in the affirmative and thus affirm the judgment of the district court.

I.

The facts in the present case were uncontested. The decedent, Claudia M. Robertson (Mrs. Robertson), died testate on September 10, 1984. At that time, she was residing in Texas, and her will had been drafted in accordance with the laws of Texas.

Mrs. Robertson was survived by her husband, Ernest Robertson (Mr. Robertson), and two daughters, Virginia R. Mattson and Carolyn R. Ohl. Mr. Robertson, who authored the will, qualified as executor of

the Robertson estate (the Estate). Under the will, all of Mrs. Robertson's separate property passed to her two daughters. The residuary estate was left to her husband, "without restriction or reservation" in section III of the will. However, the second paragraph of section III contained the following language:

> Should my husband, Ernest M. Robertson, not survive me, *or should he die before this will is admitted to probate*, then *and in that event only*, I give, devise and bequeath all of the residue and remainder of my property and estate to my two daughters, Virginia R. Mattson and Carolyn R. Ohl, share and share alike, without restriction or reservation."

The Robertson Estate filed a federal estate tax return in which it claimed a marital deduction under section 2056 of the Internal Revenue Code (IRC) with respect to the property devised to Mr. Robertson. The Internal Revenue Service (IRS) disallowed the deduction, determining that the interest conveyed was a terminable one and assessed a deficiency against the Estate for $229,446.26 ($187,600.79 in actual deficiency and $41,845.47 in interest). The Estate paid this amount and immediately filed a claim for refund. The claim was denied, and the Estate brought the present action in the district court.

The district court agreed with the IRS that the interest was terminable under section 2056 and entered an order denying the refund claim. The Estate then filed a timely appeal.

## II.

Pursuant to section 2056 of the IRC, a surviving spouse may claim a marital deduction for estate tax purposes covering certain property interests passed to him through the will of the decedent spouse. However, some exceptions exist to this general rule. For example, if the interest bequeathed is contingent upon the occurrence or non-occurrence of a certain event,

it is deemed a non-deductible, terminable interest. I.R.C. § 2056(b)(1954). However, subsection (b)(3) of section 2056 specifically addresses devises conditioned only upon the actual survival of the surviving spouse. I.R.C. § 2056(b)(3). That subsection provides as follows:

> [a]n interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—
>
> (A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death . . .; and
>
> (B) such termination or failure does not in fact occur.

The government contends that the language in section III of Mrs. Robertson's will created only a terminable interest in Mr. Robertson; thus, it disallowed the marital deduction claimed by the Estate. In response, the Estate points to various presumptions in the Texas Probate Code in support of its position that the interest was not terminable, in that it fell within the six-month exception of section 2056(b)(3).

The Estate primarily argues that the clause "or should [Mr. Robertson] die before this will is admitted to probate" was so intertwined with the clause conditioning the gift upon the survival of Mr. Robertson that Mrs. Robertson's intent was simply that Mr. Robertson survive her death only a short while. Because the intent of the testator is the predominate focus of the Texas probate courts, *Sharp v. Broadway Nat'l Bank*, 761 S.W.2d 141, 144 (Tex.App. —San Antonio 1988), *aff'd as modified*, 784 S.W.2d 669 (Tex.1990), and because the totality of the circumstances allegedly indicates that Mrs. Robertson's intent was that Mr. Robertson survive her only by a few months (i.e., less than six), the Estate concludes that the devise fell within the six-month exception to the terminable interest rule.[1] To support this position, the Robert-

---

**1.** The Estate also makes an analogy between the testatrix' intent and the 120 hour statutory period set forth in section 47 of the Texas Probate Code. Because that contemporaneous death statute was enacted after Mrs. Robertson's will was drafted, the Estate contends that the statutory result was exactly what she was trying to achieve through the probate proviso in the will

son estate points to the punctuation and grammar used in the drafting of the will and to extrinsic evidence as to Mrs. Robertson's experience and understanding of the length of time necessary to probate a will.[2]

The Estate argues that the will was drafted (and thus was understood by Mrs. Robertson) in such a way so as to make the clause "or should he die before this will is admitted to probate" a superfluous or non-essential one. The Estate makes this very creative argument with support from rules and books of English grammar. Essentially, it contends that the fact that the clause is set off by paired commas indicates the intent of the testator that the clause was not an essential condition to fulfill in order to receive the devise.[3] This intent, the Estate claims, is further evidenced by the subsequent clause "in *that* event only" (as contrasted with "in *those* events only"), which was employed to make the devise as unrestrictive as possible. Furthermore, the Estate points out that Mrs. Robertson devised the entire gift "without reservation or restriction" to Mr. Robertson, indicating that she intended to make as few limitations upon the gift as possible.

■ The Estate then sets forth several principles of will construction in Texas probate law that correspond with Mrs. Robertson's "plain intent." First of all, there is a rule that the probate court is to adopt a construction of the will so as to favor the "first taker"—Ernest in the present case—if there is any doubt as to the testatrix' intent. *Zint v. Crofton*, 563 S.W.2d 287, 290 (Tex.App.—Amarillo 1977, writ ref'd

n.r.e.). Secondly, there is a rule favoring the vesting of title at the earliest possible moment. *Id.* at 291. Finally, another rule of construction mandates that a fee simple be conveyed with as few restrictions as possible. This last rule even takes precedence over the rule that every part of a will must be given effect. *Id.*

■ All of the rules as set forth by the Estate are valid rules of will construction in Texas. However, more emphasis must be given to the testatrix' expressed intent than that accorded by the Estate's argument. When a bequest is explicitly conditioned upon survival until a specified event—such as the admission of the will into probate—such language cannot be ignored unless it is "clearly illegal or clearly contrary to the general intention of the testator." *Marlin v. Kelly*, 678 S.W.2d 582, 587 (Tex.App.—Houston [14th Dist.] 1984), *aff'd*, 714 S.W.2d 303 (Tex.1986). The language of Mrs. Robertson's will creates two unambiguous conditions that must be fulfilled in order for Mr. Robertson to receive the devise, namely that he survive the testatrix' death and that he survive until the will's admission to probate. Because, under the Texas Probate Code, the will could have been admitted to probate more than six months after Mrs. Robertson's death,[4] we hold that the contingency does not fall within the safe harbour of section 2056(b)(3).

Our holding today is consistent with the views in the Second and Eighth Circuits. In *Hansen v. Vinal*, 413 F.2d 882, 886 (8th Cir.1969), the Eighth Circuit was also con-

---

—"[s]uch a relatively short time period was ... what Claudia [Robertson] had in mind in the second paragraph of such Section III."

**2.** The Estate points out that Mr. Robertson, the testatrix' husband of 40 years, was an attorney and state district judge. Based upon his experience, she was under the impression that a will went to probate within three months of the death of the testator. In fact, her own will was probated less than a month after her death.

**3.** Although the parties disagree as to whether the use of punctuation is a relevant inquiry in Texas probate law, we do not find this debate a productive exercise. Although punctuation could be useful in ascertaining intent, such in-

quiry would still be subordinate to the rule that the testatrix has placed nothing superfluous or meaningless in the will. *Marlin v. Kelly*, 678 S.W.2d 582, 587 (Tex.App.—Houston [14th Dist.] 1984), *aff'd*, 714 S.W.2d 303 (Tex.1986).

**4.** In Texas, admission of will to probate occurs only upon entry of a court order after a hearing. Tex.Prob.Code Ann. § 89 (Vernon Supp.1990). That event could have taken place more than six months after Mrs. Robertson's death, so long as it was within a four-year window. *See* Tex. Prob.Code Ann. § 73 (Vernon 1990). Additionally, it was an event not within Mr. Robertson's control. Thus, there was no assurance that admission to probate would have occurred within the six month exception period.

fronted with a clause in a decedent's will conditioning the devise upon survival until the will's probate. The estate in that case made a similar argument to that of the Robertson Estate, contending that the probate condition "related back" to the mere survival clause. The Eighth Circuit found the argument unpersuasive, concluding that the two clauses constituted separate and alternative conditions. In *In re Estate of Fried,* 445 F.2d 979, 981 (2d Cir.1971), *cert. denied,* 404 U.S. 1016, 92 S.Ct. 676, 30 L.Ed.2d 663 (1972), the Second Circuit was also faced with a devise in a will that conveyed a residual estate with the following limitation: "... or in the event that my said beloved wife survives me but dies before the probate of this my Last Will and Testament, then ... I give ... the whole of said rest ... to my daughter." Although this clause was more artfully drafted as an express condition, it demonstrates the same intention as is expressed in Mrs. Robertson's will. The Second Circuit in *Fried* rejected an argument that the additional clause simply defined the mere survival clause, stating that "the intent was to create two separate conditions: that the widow not die in a common disaster *and* that she not die before probate." *Id.* at 982 (emphasis in original); *see also Silvey v. United States,* 265 F.Supp. 235, 237 (N.D. Ala.1966); *Estate of Geraldine Harmon,* 84 T.C. 329 (1985).

The Robertson Estate makes an alternative argument that extrinsic evidence regarding Mrs. Robertson's knowledge of and experience with the length of time necessary to probate a will should have been considered. The Estate first contends that it was error for the district court not to have considered extrinsic evidence as to Mrs. Robertson's experience and understanding at the time she signed the will even if the will were unambiguous, citing *Stewart v. Selder,* 473 S.W.2d 3, 7 (Tex. 1971) for this proposition. The Estate "maintains that such circumstances were quite material in determining what [Mrs. Robertson] meant with respect to the question of her intention." However, the *Stewart* case also points out that

[t]he intention of the testator must be found, in the last analysis, in the words of the will, and for that reason his other declarations of intention dealing with the subject of the specific document are generally not admissible. These declarations may be received *only* as an aid *in resolving certain specific problems of interpretation such as equivocation and latent ambiguity.*

*Id.* (emphasis added). In light of such jurisprudence, we are not prepared to say that the district court erred in refusing to consider the extrinsic evidence after it concluded the will was unambiguous.

Additionally, the Estate claims that the extrinsic evidence should have been considered to clear up the ambiguities in the will. The district court dismissed the ambiguity claim, stating that the Robertson Estate "does not argue that the will is ambiguous and therefore the Court will not go beyond [the specific terms of the will]." On appeal, however, the Estate contends that it did assert the problem of the will's alleged ambiguity in its trial brief. While conceding that it did not employ the precise term "ambiguous," the Estate nonetheless contends that it expressed a similar intent by pointing out several apparent "logical conflicts" occurring within the four corners of the will. Moreover, it contends, the will *was* in fact ambiguous with respect to the testatrix' intent as to the clause regarding survival until probate. Because the testatrix used the words "in *that* event" (emphasis added) directly after the clause in conflict (apparently implying by use of the singular that only *one* of the events was relevant), and because she purported to give the estate "without reservation or restriction" (as such, indicating that she intended to place as few limits as possible on the gift), the Estate concludes that the textatrix' intent as to the second contingency—that Mr. Robertson survive the admission of her will into probate—is ambiguous.

We do not read the document in this manner. The terms of the will include *two* express contingencies that could serve to divest Mr. Robertson of his devise. Because the second of those contingencies could have taken place more than six

months after the death of the decedent under Texas probate law, as discussed *supra,* the district court correctly ruled that the marital deduction under section 2056 of the IRC was not available to the petitioner in this case. As such, it accordingly refused to grant a refund. As stated by the Eighth Circuit in *Hansen,* "[t]he result we reach may be harsh, but is required by statute." 413 F.2d at 887.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.